[Civ. No. 360.   Second Appellate District.—September 16, 1907.]

ANAHEIM ODD FELLOWS' HALL ASSOCIATION, Respondent, v. Mrs. N. H. MITCHELL, Appellant, and N. H. MITCHELL, Codefendant.

CHANGE OF PLACE OF TRIAL—PERSONAL ACTION—COST OF PARTY-WALL—LIABILITY OF WIFE—RESIDENCE.—An action against a wife to recover the cost of a party-wall between her property and that of plaintiff does not affect the real property upon which the party-wall is situated, but is a purely personal action to recover a per-

sonal judgment against her, and she is entitled to a change of the place of trial to the county of her residence.

ID.—HUSBAND AS PARTY NOT INTERESTED—FAILURE TO JOIN IN WIFE'S DEMAND.—The joinder of the husband as a party who is not interested in the action and not liable to judgment therein, and his failure to join the wife in her demand for the change of the place of trial, cannot deprive her of her right to have it changed to the county of her residence.

APPEAL from an order of the Superior Court of Orange County refusing to change the place of trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Willis S. Mitchell, for Appellant.

F. C. Spencer, for Respondent.

SHAW, J.—Appeal from an order denying motion for change of place of trial.

This is an action instituted in the superior court of Orange county to recover a personal judgment for $600, against the appellant Mrs. N. H. Mitchell for one-half the cost of a party-wall erected by respondent under an agreement whereby said appellant covenanted to pay respondent one-half the cost of such part of the wall as she might thereafter use. It is charged that she made use of the wall in constructing a building upon her lot adjoining that of the respondent, and that one-half the cost of the wall so used by her was $600. She refused to pay same on demand; hence this action to recover the sum alleged to be due.

At the commencement of the action said appellant resided in Los Angeles county. She interposed a demurrer to the complaint, and pursuant to notice thereof moved the court to change the place of trial to the county of her residence, accompanying the same with a proper demand therefor in writing and affidavit of merits, which, among other facts, averred that she was at the time of commencement of the action a resident of Los Angeles county. No counter-affidavits were filed. Upon this record the court denied the motion.

We think the learned judge erred in his ruling. Respondent files no points and authorities in support of the order made, and, from an examination of the record, we are unable to perceive any ground which would justify the denial of the motion. The action does not fall within the provisions of section 392, Code of Civil Procedure. It does not affect the real property upon which the wall is located, or any estate or interest therein. While the complaint prays for general relief and alleges facts which would have been suffi-- cient to obtain an order preventing the use of the wall until payment was made as provided in the contract (which action would have been purely local in character), it also shows that plaintiff permitted the defendant to use the structure as a wall of her building without requiring the preliminary payment, thereby waiving any cause of action other than for a money judgment, as well as the right to trial in the local court. "It is only when real estate alone is the subject matter of the action that the provisions of section 392 can be invoked against a defendant who resides in a county different from that in which the land is situated." (*Smith* v. *Smith*, 88 Cal. 572, [26 Pac. 356].) Being clearly a personal action, wherein a money judgment is sought, appellant was entitled to a trial thereof in the county wherein she resided at the time of the commencement of the action. (Code Civ. Proc., sec. 395.)

No judgment was asked for against N. H. Mitchell, who was made a codefendant, for the sole alleged reason that he was the husband of the defendant making the motion. He had no interest in the subject matter of the litigation and could not be affected thereby, for the reason that no cause of action was stated against him. Under these circumstances, the fact that he did not join in the demand and motion could not deprive the real defendant of her right to have the place of trial changed as demanded. (*Read* v. *San Diego Union Co.* (Cal.), [65 Pac. 567]; *Sayward* v. *Houghton*, 82 Cal. 628, [23 Pac. 120].)

The order appealed from is reversed with directions to the court below to grant appellant's said motion.

Allen, P. J., and Taggart, J., concurred.