[No. 12136. In Bank. — August 13, 1887.]

PETER BAKER ET AL., RESPONDENTS, *v.* FIREMAN'S FUND INSURANCE COMPANY, APPELLANT.

ACTION TO REDEEM MORTGAGE — CORPORATION — PLACE OF TRIAL. — Under section 392 of the Code of Civil Procedure, an action against a corporation to have a deed absolute on its face declared to be a mortgage, and to redeem the same, is an action to determine a right or interest in real estate, and is properly brought in the county in which the real estate is situated.

ID. — LIABILITY OF CORPORATION TO GRANT REDEMPTION — PLACE WHERE ARISES. — In an action against a corporation to redeem a mortgage, the liability or obligation of the corporation to grant a redemption will be deemed to have arisen, within the meaning of section 16 of article 12 of the constitution, in the county in which the mortgaged premises are situated, when the only allegation in the pleadings as to the residence of the mortgagors, or the place where the mortgage was made, is a recital in the mortgage that the mortgagors were residents of that county, and a certificate of a notary of that county annexed to the mortgage that the same was acknowledged before him.

CHANGE OF PLACE OF TRIAL — ORDER GRANTING MAY BE SET ASIDE — JURISDICTION. — The Superior Court in which an action was brought, after making an order granting a change of the place of trial, has jurisdiction to set aside the order on the ground that it was inadvertently made.

APPEAL from an order of the Superior Court of San Joaquin County refusing to change the place of trial.

The facts are stated in the opinion of the court.

*W. C. Belcher*, for Appellant.

*J. C. Campbell*, for Respondents.

SEARLS, C. J. — The action in this cause was brought in the Superior Court of the county of San Joaquin to procure a decree declaring a deed absolute on its face to be a mortagage, and for a reconveyance of the real estate described in said deed, which real estate is situate in said county of San Joaquin.

Defendant, a corporation organized and existing under and by virtue of the laws of the state of Cali-

fornia, and having its principal place of business at San Francisco, demanded a change of the place of trial to the city and county of San Francisco, which demand was not acceded to; whereupon defendant moved upon affidavit and upon the papers in the cause for a change of the place of trial to said last-mentioned city and county

'The motion was at first granted, but on the following day the order granting the change as asked for was set aside upon the ground that it "was inadvertently made," and an order entered denying such motion.

From this order defendant appeals.

The only other facts deemed essential are, —

1. Defendant sets out in its affidavit that San Francisco is its residence.

2. It appears from the complaint that defendant was and is conducting and carrying on business in the state of California and in the county of San Joaquin.

3. The deed and agreement, which taken together are claimed to constitute a mortgage, were made and executed by plaintiffs and one H. Barnhart, who, according to the recitals of the agreement, were residents of the county of San Joaquin, and they were acknowledged and certified before a notary of said last-mentioned county.

Defendant holds as an assignee of Barnhart.

Beyond the recitals above referred to in the agreement, which is set out in the complaint, there is no affirmative allegation as to the residence of the parties or place at which the contract sued on was made.

Appellant contends, —

" 1. That the proper county for the trial of this action is one in which the principal place of business of the defendant is situated, and that the case does not come within any of the other specifications of section 16 of article 12 of the constitution, or within the proviso to section 5 of article 6.

" 2. That by the order of March 23, 1887, the case was actually transferred to the Superior Court of the city and county of San Francisco, and was thereafter pending therein, and that therefore the Superior Court of San Joaquin County had no jurisdiction to make the order of March 24, 1887, and the same is void."

Section 16 of article 12 of the constitution is as follows: —

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs, or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

By section 392, Code of Civil Procedure, actions for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, must be tried in the county in which the subject of the action, or some part thereof, is situated.

The land is *the subject-matter* concerning which the contest is waged, and it is situate in San Joaquin County.

The right or interest of the plaintiffs in this subject-matter, if any, is the question to be ultimately determined in this action. Such being the case, the action was properly brought in the county of San Joaquin, where the land was situated. (*Bush* v. *Treadwell*, 11 Abb., N. S., 27.)

This last case was an action like the present, to have the title to certain real estate declared to be in the plaintiffs, on the ground that the deed conveying title to the defendant was a mortgage, and for a conveyance thereof to the plaintiffs, and the court held that under the code of that state (New York), of which our section 392, Code of Civil Procedure, is an exact transcript, the action

should have been brought in the county where the land was situated. It was there that the liability or obligation (if any) arose, within the meaning of section 16 of article 12 of the constitution.

There is nothing in this view in conflict with the case of *Le Breton* v. *Superior Court,* 66 Cal. 27, cited by appellant.

That was an action brought against a trustee, in the county in which he resided, to enforce a trust both upon personal and real property; and the court held that as the suit was brought to reach personal property in the hands of the trustee, that fact gave the court jurisdiction.

In response to the second cause of contention by appellant, it may be said that the same question arose in *Wiggin* v. *Superior Court,* 68 Cal. 398, and was decided adversely to the position assumed by appellant. (See also *Hall* v. *Polack,* 42 Cal. 218.)

The order appealed from is affirmed.

PATERSON, J., SHARPSTEIN, J., McFARLAND, J., and McKINSTRY, J., concurred.

TEMPLE, J., did not participate in the decision.

Rehearing denied.