[No. 13310.   Department Two. — January 29, 1890.]

J. W. SAYWARD, ADMINISTRATOR, ETC., OF W. T. SAY-WARD, DECEASED, APPELLANT, v. J. F. HOUGHTON, AND THE RIVERSIDE LAND AND IRRIGATING COMPANY, RESPONDENTS.

CHANGE OF PLACE OF TRIAL — JOINDER OF UNNECESSARY DEFENDANT. — The right of a defendant to have the place of trial changed to the county of his residence is not affected by the joinder of another defendant who is not a necessary party, and against whom no cause of action is stated.

ID. — SPECIFIC PERFORMANCE OF AGREEMENT FOR SALE OF CORPORATE STOCK — CORPORATION NOT NECESSARY PARTY. — In an action to compel an individual to perform an agreement made by him for the transfer of shares

of stock in a corporation, and to account for dividends received thereon, and to restrain the negotiation of the stock, the corporation is not a necessary party defendant, and its joinder will not prevent a change of the place of trial to the residence of the individual defendant.

APPEAL from an order of the Superior Court of San Bernardino County changing the place of trial.

The facts are stated in the opinion of the court.

*Curtis & Otis,* and *Estee, Wilson & McCutcheon,* for Appellant.

The corporation was a proper, if not a necessary, party defendant. (Barbour on Parties, 476; *Bank of America* v. *Pollock,* 4 Edw. Ch. 215; *Glassex* v. *Marshall,* 15 Sim. 71; *Temple* v. *Bank of England,* 6 Ves. 770.) The action was properly brought in the county where the corporation had its residence, and to procure the change all the defendants should have united in the motion. (*Pieper* v. *Centinela Land Co.,* 56 Cal. 173; *Remington Co.* v. *Cole,* 62 Cal. 311.)

*Kellogg & King,* for Respondent Houghton.

SHARPSTEIN, J.— Plaintiff appeals from an order granting defendant Houghton's motion for change of place of trial from the county of San Bernardino to San Francisco, where defendant Houghton resides.

If Houghton had been the sole defendant, his right to have the place of trial changed would be undoubted. If the complaint states no cause of action against the corporation defendant, the right of Houghton to have the place of trial changed is not affected by making said corporation a defendant in the action. (*Remington S. M. Co.* v. *Cole,* 62 Cal. 311.)

The *gravamen* of the complaint is the refusal of defendant Houghton to transfer to plaintiff three thousand shares of the stock of the corporation defendant, in the fulfillment of an alleged agreement to do so. The relief

demanded is that said defendant Houghton be required to transfer said shares of stock, and to account for and pay over to plaintiff the dividends received thereon, and, incidentally, that defendants, and each of them, their attorneys, servants, and employees, be perpetually enjoined and restrained from selling, transferring, or permitting to be transferred, any of the said three thousand shares of said capital stock of said corporation defendant.

There is nothing in the complaint showing, or tending to show, that the corporation defendant is in any sense interested in this action. So far as can be seen from reading the allegations of the complaint, the attitude of the defendant corporation toward its co-defendant Houghton and the plaintiff is one of absolute indifference; quite as much so as any stake-holder could be between conflicting claimants to a fund in his hands, to which he had no claim himself. Not having any interest in the action which can be affected in any degree by the result of a trial, it makes no difference to the corporation defendant where the action is tried.

Although not improperly made a party, the corporation defendant is not a party in interest. And it does not appear that it has ever manifested any interest in the case. We think the corporation defendant is not a necessary party to the action. The plaintiff might obtain all the relief he demands without making it a party.

Order affirmed.

McFARLAND, J., and THORNTON, J., concurred.