[No. 15416. Department One.—May 1, 1894.]

## C. E. BAILEY, RESPONDENT, *v.* E. J. COX ET AL., DEFENDANTS. JOHN TUOHY, APPELLANT.

VENUE OF ACTION—CANCELLATION OF MORTGAGES BY CORPORATION TO PRESIDENT—RESIDENCE OF PRINCIPAL DEFENDANT—STOCKHOLDERS AS PARTIES DEFENDANT.—In an action by a stockholder to set aside and cancel mortgages given by a corporation to its president upon land in the county where it has its principal place of business, and where the president resides, and for a decree fixing the indebtedness of the corporation upon the mortgage notes, the mortgagee, being the only defendant against whom any relief is sought, has the right to have the cause tried in the county of his residence, notwithstanding the fact that a considerable number of the stockholders are made defendants, and are residents of another county in which the action is brought.

APPEAL from an order of the Superior Court of Santa Clara County denying a motion to change the place of trial.

The facts are stated in the opinion.

*Daggett & Adams*, for Appellant.

*H. V. Morehouse*, and *Hiram D. Tuttle*, for Respondent.

SEARLS, C.—This is an appeal from an order of the superior court in and for the county of Santa Clara denying a motion of defendant Tuohy to transfer the cause from said county of Santa Clara to the county of Tulare for trial.

The defendant, the Buena Vista Fruit and Vineyard Company, is a corporation organized June 6, 1891, under and pursuant to the laws of the state of California, and having its principal place of business at Tulare City in the county of Tulare, state of California.

The defendants, John Tuohy, D. W. Madden, E. De Witt, P. F. Wood, N. A. Hummel, J. F. Boller, and R. B. Bohannon, were directors of the corporation. The other defendants, with perhaps one or two exceptions, were stockholders in the corporation.

The prayer of the complaint asks the court to establish fraudulent dealings on the part of the directors; to set aside and cancel two certain mortgages given by the corporation to John Tuohy, who was president of said corporation, upon land in the county of Tulare, upon the ground that they are fraudulent; for a decree fixing the indebtedness of the corporation to defendants Tuohy, Cox, Wood, and De Witt; to account with and settle the rights of the corporation to and with said last-named defendants, the rights of the creditors and stockholders of the corporation.

The facts may be briefly stated thus: Defendant Tuohy was the owner of 720 acres of land and a few shares in the capital stock of two water companies, all worth $36,000, and situated in the county of Tulare. Tuohy had agreed to sell the property to defendants Cox, Wood, and De Witt, on or before September 1, 1896, for the sum of $36,000, and interest at 8 per cent per annum.

Thereupon the said Cox, Wood, and De Witt represented themselves to be the owners of the property, and by various devices, with the knowledge and consent of

Tuohy, organized the corporation defendant, and agreed to sell and convey to it the property for $72,000, or double its value.

Tuohy, Wood, and De Witt became directors in the company, and on the sixteenth day of September, 1891, Tuohy conveyed the property to the corporation for $72,000, receiving in payment $10,000 in cash, and two notes secured by mortgage on the land; one for $36,000, and the other for $26,000.

Plaintiff avers that all this consideration in excess of $36,000 was fraudulent, and the result of the fraudulent acts of Tuohy, Cox, Wood, and De Witt, and many of the devices to perpetrate the fraud are set out.

There are no facts stated showing indebtedness of the corporation to any person except to Tuohy upon the promissory notes secured by mortgage.

Plaintiff is a stockholder in the corporation defendant, and a resident of the county of Santa Clara, as are some fourteen other stockholders, out of say fifty stockholders made defendants in the action.

Defendant Tuohy is a resident of the county of Tulare, and, by timely demand, affidavits of merits, and notice, moved for a change of the place of trial as before stated, upon two grounds:

1. Because the action is brought to determine the right and interest of said Tuohy as mortgagee in the lands described in the complaint, and that said lands are situated wholly within the county of Tulare.

2. Because said defendant John Tuohy is a resident of the county of Tulare, and is the only defendant against whom any relief is sought.

Under section 392 of the Code of Civil Procedure:

"Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial as provided in this code.

"1. For the recovery of real property or of an estate or interest therein . . . . , and for injuries to real property.

"2. . . . . . . . . . . . . . . . . . . . . . . . . . . .

"3. For the foreclosure of all liens and mortgages on real property."

A mortgage lien upon real property is an interest therein, and the exercise by a court of the power of determining the validity of a mortgage upon such real property, with jurisdiction to annul or uphold such lien, is the determination of an interest in real property. (*Baker* v. *Fireman's Fund Ins. Co.*, 73 Cal. 182, and cases there cited.)

It is intimated that the court below was led to a denial of the motion for a change of the place of trial by the doctrine enunciated in *Smith* v. *Smith*, 88 Cal. 572. In that case the action was commenced in the county of Tuolumne, against a defendant who was a resident of the county of Merced.

Defendant moved the court to change the place of trial to the county of his residence, and this court held, in substance, that the action was essentially an action for an accounting which the defendant had a right, under section 395 of the Code of Civil Procedure, to have tried in the county of his residence.

The court further held that, in order to give the right of trial in the county where the property is situate, the action must be wholly local in character, and that where a plaintiff unites in the same action a cause of action which is local with one which is transitory the venue should be in the county of which the defendant is a resident.

Also that the same result will follow in causes where the principal object of the action is the adjustment of questions personal in character, although as a sequence of their determination a conveyance of real property may be decreed.

The distinction between *Smith* v. *Smith*, 88 Cal. 572, and the present case is twofold.

1. Here the primary and principal object of the action is to attack and annul the lien of two mortgages upon the ground that they were conceived and brought

forth in fraud of the rights of the plaintiff and other stockholders in the corporation defendant.

2. In the present case the only defendant against whom plaintiff shows himself entitled to any practical relief is John Tuohy, who is shown to be a resident of the county to which the trial is sought to be changed.

It is true that a considerable number of the defendants are residents of the county of Santa Clara, but they are made defendants without any other allegation in the complaint relating to them than that they are stockholders in the corporation defendant. As such they are *proper* but not *necessary* parties to the action.

The defendants John Tuohy, Cox, Wood, and De Witt, according to the allegations of the complaint, planned and executed the fraud, but the defendant Tuohy reaped the fruits of it, and practically the only relief sought is against him; but if it be conceded that the relief sought is against them all and includes the other officers of the corporation defendant, the fact still remains that no defendant against whom any relief is sought is shown to reside in the county of Santa Clara.

Under such circumstances the order appealed from should be reversed and the court below directed to enter an order transferring the cause to the county of Tulare for trial.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is reversed, and the court below directed to enter an order transferring the cause to the county of Tulare for trial,               PATERSON, J.

We concur in the judgment upon the ground that the defendant, Tuohy, is the only defendant against whom any relief is sought, and, being a resident of Tulare county, has the right to have the cause tried in that county. The action is a personal action for the purpose of surcharging the amount of the indebtedness secured

CII. CAL.—22

by the mortgages, and does not involve the determination of any right or interest in lands.

HARRISON, J., GAROUTTE, J.