[No. 38.   Second Appellate District.—June 28, 1905.]

## J. A. HANNAH, Respondent, v. D. J. CANTY, and LAURA A. CANTY, Appellants.

ACTION TO ENFORCE TRUST IN LAND—VENUE—INCIDENTAL ACCOUNTING. —An action having as its sole object to establish and enforce a trust in land, in which an accounting asked is merely incidental to the action and which necessarily involves the determination of the amount due from plaintiff under the contract recognizing the trust, to be paid as a condition of relief, is a local action, to be tried where the land is situated; and the prayer for such accounting does not entitle the defendants to a change of the place of trial to the place of their residence.

APPEAL from an order of the Superior Court of Tulare County denying a motion to change the place of trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Stanton L. Carter, for Appellants.

The action involves an accounting, and is personal in its nature, and should be tried where the defendants reside. (*Banta* v. *Wink,* 119 Cal. 78, 51 Pac. 17; *Smith* v. *Smith,* 88 Cal. 572, 36 Pac. 356; *Le Breton* v. *Superior Court,* 66 Cal. 27, 4 Pac. 777; *More* v. *Superior Court,* 64 Cal. 345, 28 Pac. 117.)

Maurice E. Power, and Hannah & Miller, for Respondent.

The accounting asked for in this case is not sought as a basis of a judgment against the defendants, but solely to ascertain the plaintiff's interest after payment of the amount due from him. (*Baker* v. *Fireman's Fund Ins. Co.,* 73 Cal. 182, 14 Pac. 686; *Staacke* v. *Bell,* 125 Cal. 315, 57 Pac. 1012.)

SMITH, J.—Appeal from an order of the superior court of Tulare County denying the defendants' motion for a change of the place of trial to Alameda County, which is the place of their residence. The motion was denied on the ground that the plaintiff was entitled to a trial in the county of Tulare, where the lands described in the complaint are situated.

I Cal. App.—15

The suit was brought upon a written contract, set out in the complaint, signed by the defendant D. J. Canty, relating to lands therein described, which had been purchased and the title conveyed to Canty under a prior agreement, upon the terms indicated in the writing between him and the plaintiff. In the written agreement Canty acknowledges and declares, that the plaintiff, his heirs and assigns, is entitled to one half of the selling price, rents, issues, profits, and proceeds of the land in question, after first deducting therefrom certain sums of money paid by Canty in the acquisition of the land, with interest at the rate of twelve per cent per annum, together with taxes with interest at the same rate; which balance Canty agrees to divide and pay. The lands, it appears from the allegations of the complaint, have not been sold and have become of largely increased value. It is further alleged that Canty executed a deed of the lands to his brother, who afterwards conveyed to the defendant Laura A. Canty, the wife of D. J. Canty; and that the interest of defendant Laura A. Canty and that of her grantor was acquired without consideration and with notice of the rights of the plaintiff in said lands. The defendants, it is further alleged, have received various sums of money as the rents, issues, profits, and proceeds of said land, and expended various sums of money in the payment of taxes, etc., the amounts of which are unknown to the plaintiff; and the plaintiff offers to pay one half of all sums found to be due upon an accounting. The prayer is for judgment, establishing and declaring a trust in the lands in question in plaintiff's favor, and for a conveyance of an undivided one-half interest in said lands to the plaintiff, or a sale thereof under the direction of the court, etc.

There is also a prayer for an accounting for receipts and disbursements on the land; and that plaintiff be permitted to pay into court one half of the resulting balance, etc.; and upon this is based a contention of the appellants, that an action for an accounting is joined with the main action; and hence—on the authority of *Smith* v. *Smith*, 88 Cal. 572, [26 Pac. 356], and similar cases—that the order should have been denied. But this contention is plainly untenable. The accounting prayed for was a necessary condition, without which the relief sought by plaintiff could not be granted, and hence

was an essential part of his cause of action. Plaintiff does not allege that anything is due him upon an accounting, nor does he pray for any personal money judgment. In *Smith v. Smith*, 88 Cal. 572, [26 Pac. 356], plaintiff did state facts showing that defendant received "large sums of money which greatly exceed all that was necessary to carry on said business and pay the expenses thereof, and also to pay all the indebtedness of said D. G. Smith." And plaintiff demanded an accounting, not only as to defendant's dealings with certain real estate, but also as to his dealings with and disposition of some twenty-six thousand sheep and other personal property, "and that plaintiffs have judgment against him for such sum as shall be found to be due upon such accounting, after satisfying such mortgage indebtedness." In the case at bar the accounting is requested only for the purpose of showing how much the plaintiff shall pay to the defendants in order to entitle him to the only relief he seeks, which is the declaration of a trust in the lands in favor of plaintiff, and a conveyance to him of an undivided one-half interest therein; or, in the alternative, the appointment of a receiver and a sale of the lands.

The action is therefore to be regarded as having for its sole object to establish a trust in the lands, and the accounting asked for, as merely incidental to the action; which necessarily involves the determination of the amount due from plaintiff. (*Green v. Brooks*, 81 Cal. 328, [22 Pac. 849].) We are of the opinion, therefore, that the motion was rightly denied. (Const., art. VI, sec. 5; Code Civ. Proc., sec. 392; *Bailey v. Cox*, 102 Cal. 333, [36 Pac. 650]; *Baker v. Fireman's Fund Ins. Co.*, 73 Cal. 182, [14 Pac. 686]; *Booker v. Aitken*, 140 Cal. 471, [74 Pac. 11]; *McFarland v. Martin*, 144 Cal. 771, [78 Pac. 239].)

The order appealed from must therefore be affirmed, and it is so ordered.

Allen, J., and Gray, P. J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on August 25, 1905.