[Civ. No. 898.  Second Appellate District.—November 30, 1910.]

## JOSEPH E. HANNON, Respondent, v. NUEVO LAND COMPANY, a Corporation, Appellant, and UNION HARDWARE AND METAL COMPANY, a Corporation, Codefendant.

IMPROPER ACTION — JOINDER OF DEFENDANTS — CAUSE OF ACTION NOT STATED AGAINST EITHER—UNAUTHORIZED PROCEEDING.—A complaint showing that the action is brought upon the theory that plaintiff has sustained damages from the wrongful acts of one or the other of two defendants, but not both of them, and, not knowing which is liable, impleads them together, and asks the court to fix the liability, without stating a cause of action against either, shows on its face a wholly unauthorized proceeding. It cannot be justified under section 379 or 389 of the Code of Civil Procedure.

ID.—COUNTERPART OF BILL OF INTERPLEADER NOT PERMISSIBLE.—The law recognizes no procedure in the nature of a counterpart of the bill of interpleader.

ID.—ASSUMPTION OF DISTINCT CAUSES OF ACTION—UNNECESSARY PARTIES.—Assuming that the plaintiff, which derived title by deed from one defendant, has a cause of action upon its implied covenant against the encumbrance of a lease to the other, such other defendant is not a necessary party to such a cause of action. Assuming that, without authority from its grantor, the other defendant has trespassed upon its rights by removing crops to plaintiff's damage, the grantor is not a necessary party to such a cause of action. The two actions, not only as to parties, but also as to subject matter, are entirely independent and distinct one from the other.

ID.—CHANGE OF VENUE—GENERAL RULE AS TO PARTIES.—When an action is brought against two defendants, one of whom resides in the county where the action is brought, and the other is a nonresident, the change of venue depends upon the necessity of the parties. If the resident defendant is not a necessary party, the nonresident is entitled to the change, otherwise both defendants must join in the demands.

ID.—TEST AS TO NECESSARY PARTIES MUST BE DETERMINED FROM COMPLAINT.—The question as to who are necessary parties must be determined from the complaint alone unaided by affidavits.

ID.—COMPLAINT SHOWING BOTH PARTIES UNNECESSARY—RELATIVE POSITIONS—RULE OF NECESSARY PARTIES.—Where the complaint shows on its face that both defendants resident and nonresident are unnecessary parties, the defendants occupy the same relative position to each that they would if both were necessary parties, and hence their respective rights are to be determined by the rule which denies

the right of the nonresident party to a change of venue when both defendants are necessary parties.

ID.—RIGHTS OF RESIDENT DEFENDANT.—Conceding that no cause of action is stated against either defendant, yet no good reason appears why the resident defendant should be deprived of the right to have the action disposed of as against it in the county wherein it is commenced, rather than to have it transferred to another county upon demand of another defendant against whom no cause of action is stated, and who likewise is an unnecessary party.

ID.—TITLE OF PROPERTY IN ANOTHER COUNTY NOT INVOLVED.—There is no merit in the contention that the action involves the determination of an estate or interest in real property situated elsewhere. It does not appear that either defendant when the action was commenced claimed any interest in the land or was in the possession thereof.

APPEAL from an order of the Superior Court of Los Angeles County refusing to change the place of trial. Geo. H. Hutton, Judge.

The facts are stated in the opinion of the court.

Leonard & Surr, for Appellant.

McNutt & Hannon, for Respondent.

SHAW, J.—The defendant Nuevo Land Company appeals from an order of court denying its motion for a change of place of trial from Los Angeles county, wherein the action was commenced, to the county of Riverside.

The motion was made upon the ground that said defendant was a corporation having its principal place of business in the county of Riverside; that its codefendant Union Hardware and Metal Company was not a necessary or proper party in the action, which involves the determination of an interest or estate in real property located in Riverside county. It appears both from the complaint and affidavit filed in support of the motion that the Nuevo Land Company is a resident of Riverside county.

It is alleged in the complaint that the Union Hardware and Metal Company granted plaintiff an option to purchase certain lands in Riverside county; that within the time specified in the option plaintiff elected to purchase the lands, and that said defendant Union Hardware and Metal Company, for the agreed price, made, executed and delivered to him a

grant deed (which is fully set out in the complaint and is without limitations) whereby it conveyed the property to plaintiff; that prior to the execution and delivery of this grant deed plaintiff learned that defendant Nuevo Land Company had entered upon and was in possession of said lands, having seeded the same to grain, all of which was done prior to the giving of the option to purchase; that thereupon plaintiff made inquiry of one Scheller, an officer of the hardware company, as to whether the acts of the Nuevo Land Company were had and taken pursuant to a lease of the land, or by virtue of any authority from the grantor, and was informed by Scheller that no lease had been made to the Nuevo Land Company, and that the acts of the latter in occupying and cultivating the land were without knowledge on the part of the hardware company and wholly unauthorized by it; that relying upon such statements plaintiff completed the purchase; that the Nuevo Land Company, without plaintiff's consent, harvested crops of the value of $4,000 and refused to account to plaintiff for the same or any part thereof, claiming that its acts in entering upon the land and the use thereof in growing and harvesting the crops was under and by virtue of authority so to do granted to it by said hardware company. It is then alleged that ''by reason of the conflicting claims of the defendants, to wit, the claim by the Nuevo Land Company that it had a lease of said land from the Union Hardware and Metal Company, and the claim of said Union Hardware and Metal Company that it had no such lease, plaintiff is unable to determine the facts with respect thereto, and therefore joins said defendants in this action in order that the court may determine said matter and render such judgment as is meet and proper in the premises.'' The prayer is for judgment against both defendants in the sum of $4,000, the alleged value of the crops harvested. It does not appear that the hardware company was ever served with process or that it ever appeared in the action.

It is apparent from the allegations of the complaint that the action is brought upon the theory that plaintiff has sustained damages by reason of the wrongful acts of one or the other, but not both, of said defendants, and not knowing which of the two is the guilty party impleads both in a proceeding that fails to state a cause of action against either, and asks the

court to fix the liability. We know of no principle author-
izing such a procedure. Respondent asserts that such action
clearly comes within sections 379 and 389 of the Code of Civil
Procedure, the first of which sections provides that "any per-
son may be made a defendant who has or claims an interest
in the controversy adverse to the plaintiff, or who is a neces-
sary party to a complete determination or settlement of the
question involved therein." It is contended that the hard-
ware company "has and claims an interest in the controversy
adverse to plaintiff," and is therefore "a necessary party to
a complete determination or settlement of the question in-
volved therein." Assuming that a cause of action is stated
against the Nuevo Land Company for wrongful conversion
of the crop, we are unable to perceive what adverse or other
interest the hardware company can have therein, or how it
is a necessary party to a determination of plaintiff's rights
against such defendant. Conversely, upon like assumption
that a cause of action is stated against the hardware company
for the breach of an implied covenant of the deed, the Nuevo
Land Company has no interest in the determination of the
question. Neither is such action justified by the provisions
of section 389 of the Code of Civil Procedure, for a complete
determination of the rights of plaintiff against either de-
fendant may be had without the presence of the other. In
the one case plaintiff's action is based upon a breach of the
implied covenants of the grant, while in the other it is for
the conversion of the crops grown on the land. The two ac-
tions, not only as to parties, but also as to subject matter, are
entirely independent and distinct one from the other. (*Miller
v. Highland Ditch Co.*, 87 Cal. 430, [22 Am. St. Rep. 254, 25
Pac. 550].) Respondent cites a number of authorities sus-
taining the right of a defendant to file a bill of interpleader
when the same debt or duty is claimed by two or more persons
and he is in doubt as to which of the claimants he should
render the debt or duty, and the court is asked to determine
the rights of such claimants in order that when the debt is
paid or the duty performed he shall be absolved from fur-
ther liability thereon. These cases cannot be regarded as
authority for the converse of such rule. So far as we are
advised, the law recognizes no procedure in the nature of a
counterpart of the bill of interpleader.

The rule is that where an action is brought against two defendants, one of whom resides in the county where the action is commenced and the other a nonresident thereof, the latter is entitled to have the place of trial changed to the county of his residence, unless the resident defendant be a necessary party. (*Sayward* v. *Houghton,* 82 Cal. 628, [23 Pac. 120]; *Bailey* v. *Cox,* 102 Cal. 333, [36 Pac. 650].) Where it appears that both resident and nonresident defendants are necessary parties, an order granting a change of place of trial will not be made upon demand of the nonresident defendant, unless the former joins in the demand. (*McKenzie* v. *Barling,* 101 Cal. 460, [36 Pac. 8].) The question as to who are necessary parties must be determined from the complaint alone unaided by the affidavits. (*Quint* v. *Dimond,* 135 Cal. 572, [67 Pac. 1034].) In *Reau* v. *San Diego Union Co.* (Cal.), 65 Pac. 568, it is said: "The joinder of resident parties as defendants against whom no cause of action is stated does not deprive the real defendant of his right to have the cause transferred." To the same effect is *Sayward* v. *Houghton,* 82 Cal. 628, [23 Pac. 120], where it is said: "If the complaint states no cause of action against the corporation defendant, the right of Houghton to have the place of trial changed is not affected by making said corporation a defendant in the action." Says the supreme court in *Hellman* v. *Logan,* 148 Cal. 60, [82 Pac. 849]: "The test is to be made by ascertaining who are necessary parties to the action as it is set forth in the complaint, and what parties are necessary in order to enable the plaintiffs to obtain all the relief which is properly included in the prayer for relief made therein." (Citing *Greenleaf* v. *Jacks,* 133 Cal. 506, [65 Pac. 1039], and *Quint* v. *Dimond,* 135 Cal. 572, [67 Pac. 1034].)

As we view the complaint, it fails to state a cause of action against the Nuevo Land Company, for the reason that it contains nothing whereby it is made to appear that its possession and use of the land (as to which plaintiff had notice when he acquired the same) was not authorized by or held under and by virtue of a lease from plaintiff's grantor; hence, as no cause of action is stated against said Nuevo Land Company, it is not a necessary or proper party. On the other hand, it does not appear from the complaint that such posses-

sion and use by the Nuevo Land Company was under or by virtue of any lease made or authority granted by the Union Hardware and Metal Company, or that there has been any breach of covenant on its part; hence, no cause of action is stated against it. It thus appears that if necessary parties are to be determined from the complaint alone, and those only are necessary parties against whom a cause of action is stated, the complaint here presents a case where neither the resident nor nonresident defendant is a necessary party. The defendants occupy the same relative position to each other that they would if both were necessary parties, and, hence, respective rights as to a change of place of trial should be controlled by the converse of the rule applicable to such cases, and which denies the right of a change to the nonresident where both the latter and resident defendant are necessary parties. (*McKenzie* v. *Barling,* 101 Cal. 460, [36 Pac. 8].) Conceding that no cause of action is stated against either of said defendants, no good reason can, in our judgment, be assigned for depriving the defendant Union Hardware and Metal Company from having the action disposed of, as against it, in the county wherein commenced, rather than to have the place of trial transferred to another county upon demand of a defendant against whom no cause of action is stated and who likewise is an unnecessary party.

There is no merit in appellants' contention that the action is for the determination of an estate or interest in real property lying wholly within Riverside county. It does not appear that either defendant, at the time of instituting the action, claimed any interest in the land, or that either was in the possession thereof.

The order appealed from is affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 28, 1911.