Río *v.* Vázquez.

Appeal from the District Court of Aguadilla.

No. 540.—Decided December 21, 1910.

Transfer of Cases—Place of Trial.—Actions, the purpose of which is to determine any right or interest in real property, must be tried in the place where the real property is situated. The court, nevertheless, has the power to change the place of trial, in accordance with the provisions of the Code of Civil Procedure.

Id.—In accordance with the foregoing doctrine, it having been sought in the case at bar to dissolve an attachment levied on plaintiff's property and to free the same from all liability in respect to the execution of a judgment which the defendant obtained against the plaintiff and which the latter claims to have satisfied and theretofore delivered, the action must be tried in the district wherein the property involved in the suit is situated and not the district in which the defendant resides.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

*Mr. Mariano R. Acosta* for respondent.

Mr. Justice del Toro delivered the opinion of the court.

The plaintiff, José León Río, filed a complaint in the District Court of Aguadilla alleging that the defendant, Fernando Vázquez, prosecuted a suit against plaintiff in the municipal court of San Sebastián and obtained a judgment in his favor for the sum of $391.66; that in satisfaction of said judgment he delivered to Vázquez 5 *cuerdas* of land situated in said San Sebastián; that notwithstanding this Vázquez demanded the execution of said judgment; that he then spoke with Vázquez and they agreed that Vázquez should return him the 5 *cuerdas* and plaintiff would pay with money; that upon going to take possession of the 5 *cuerdas* he found that Vázquez had sold them, and that Vázquez thereupon sought and obtained execution of the judgment for the enforcement of which he attached a property belonging to plaintiff, consisting of 110 *cuerdas* of land situated in San Sebastián, which land is worth more than $500. The complaint prays that the attachment levied on the tract of 110 *cuerdas* be dissolved and that the property be declared free from all encumbrances, in respect to the demands of Vázquez, by virtue of the payment made by the plaintiff in the manner above stated—that is to say, by the delivery of the 5 *cuerdas* of land aforesaid.

Defendant having been served with notice on February 25, 1910, he filed a motion, accompanied by an affidavit, on March 4, 1910, asking that the suit be transferred to the District Court of Mayagüez, where he resided.

Both parties having been heard, the District Court of Aguadilla refused to transfer the case, and from that order of the court this appeal was taken.

Section 75 of the Code of Civil Procedure provides that actions must be tried in the place where the subject, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in said Code, and among others, specifies actions for the determination in any form of a right of interest in real property. And section 81 of the said Code provides that in all other cases—that is to say, except those mentioned in sections 75 and 79—the action must be tried in the district in which the defendants reside.

Construing sections 392 and 395 of the Code of Civil Procedure of California, which correspond to sections 75 and 81 of our Code, the Supreme Court of that State, in the case of *Smith* v. *Smith*, 88 Cal., 575, says:

"The general spirit and policy of the statute is to give to the defendant the right of having all personal actions against him tried in the county of his residence. Provision is made for the trial of actions affecting real estate in the county where the land is situated, and for the trial of certain other designated actions in the county where the cause of action arose; but the general rule for the place of trial is prescribed in section 395, by the declaration that 'in all other cases' the action must be tried in the county in which the defendant resides at the commencement of the action. This section is general and comprehensive in its terms, and embraces *all* other cases than those which are specified in the three preceding sections. It is intended to protect the defendant in the expense and inconvenience of being compelled to go to a distant county to defend himself against an action that might be commenced against him there, and is in accordance with the principles that obtain wherever the common law prevails, that the plaintiff who would seek redress from a defendant must seek it in the county where he resides.

"When, however, the subject matter of the action is local, and the judgment which is sought is to operate directly upon that subject matter, it is provided that the action shall be tried in the county where the subject matter of the action is situated. This being an exception to the general rule, the conditions under which the exception

is claimed must be clearly and distinctly shown. The plaintiff cannot, by uniting in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides."

In this case the judgment, the execution of which was sought by the defendant, Vázquez, was rendered by a municipal court within the judicial district of Aguadilla; the 5 *cuerdas* of land which the plaintiff alleged that he gave the defendant in satisfaction of the judgment are situated in said district; and the 110 *cuerdas* attached by defendant, Vázquez, and which the plaintiff seeks to have declared free from the demand of defendant, are likewise situated in the said judicial district.

This being so, it is clear that in accordance with the law and the jurisprudence the District Court of Aguadilla has jurisdiction, notwithstanding the fact that defendant's residence is not within that district, and, therefore, the appeal must be dismissed and the order appealed from, affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Mr. Chief Justice Hernández did not take part in the decision of this case.