EL PUEBLO, DEMANDANTE Y APELADO, *v.* RIVERA ET AL., ACUSADOS Y APELANTES.

Apelación procedente de la Corte de Distrito de Humacao en causa por infracción al artículo 519 del Código Penal.

No. 1558.—Resuelto en diciembre 21, 1920.

PRISIÓN SUBSIDIARIA—MULTA—SENTENCIA—CORTES.—Cuando una corte impone a un acusado el pago de una multa, tiene autoridad para ordenar que si la multa no fuere satisfecha, el acusado sea reducido a prisión, pero la privación de libertad del sentenciado no podrá exceder del tiempo a que hubiera podido ser condenado por el delito de que fué convicto. Si la prisión fijada en la sentencia excediera de tal término, será corregida para ajustarla a la ley.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. Soto Rivera.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Miguel A. López y Perfecto Rivera fueron acusados y condenados como culpables de una infracción al artículo 519 del Código Penal, a pagar ''una multa de cincuenta dollars cada uno, o un día de cárcel por cada dollar que dejen de satisfacer.''.

No conformes con la sentencia, apelaron para ante esta Corte Suprema pero no elevaron exposición del caso ni presentaron alegato. Examinados los documentos remitidos por el secretario, no hay base para revocar la sentencia.

La única cuestión a estudiar es la suscitada por el propio Fiscal del Tribunal Supremo al pedir que la sentencia sea modificada en el sentido de expresarse en ella que la prisión subsidiaria no deberá exceder de treinta días.

A nuestro juicio tiene razón el Fiscal. El artículo 519 del Código Penal infringido castiga la ofensa de que fueron convictos los acusados ''con multa máxima de cincuenta dollars, o con prisión que no exceda de treinta días, o con ambas penas, a discreción del tribunal.'' El tribunal aquí sólo condenó a los acusados al pago de una multa de cincuenta pesos, pero dispuso que si la multa no fuera satisfecha, entonces sufrieran un día de cárcel por cada dollar dejado de satisfacer. ¿Tuvo autoridad para ello? Es indudable que la corte tuvo autoridad para ordenar que si los condenados no pagaban la multa, fueran reducidos a prisión, pero estaba obligada a fijar la duración de esa prisión que de acuerdo con el artículo 322 del Código de Enjuiciamiento Criminal, no debe exceder de un día por cada dollar de multa ni pasar más allá del término ''a que fuere sentenciado a prisión el acusado por el delito de que ha sido convicto,'' según el texto castellano de la ley, y, según el texto inglés, ''a que pudiere haber sido sentenciado a prisión (might be sentenced to imprisonment) el acusado por el delito de que ha sido convicto.

El texto inglés es igual a la sección 1205 del Código Penal de California y el Tribunal Supremo de dicho Estado,

interpretando dicha sección ha establecido la siguiente jurisprudencia:

"Un acusado convicto de un delito de acometimiento y sentenciado de acuerdo con la Sección 1205 del Código Penal a pagar una multa de quinientos dólares y en defecto de pago a ser encarcelado a razón de un día por cada dólar de la multa que deje de satisfacer, tiene derecho a ser puesto en libertad en un procedimiento de *habeas corpus* después de haber expirado el máximum de prisión fijado por el estatuto como castigo a la ofensa." *Ex parte Erdmann,* 88 Cal. 578.

Por virtud de todo lo expuesto, opinamos que debe corregirse la sentencia apelada en la forma propuesta por el Fiscal.

> *Confirmada la sentencia apelada pero modificada imponiendo a cada acusado cincuenta dólares de multa o en su lugar un día 'de cárcel por cada dólar, no excediendo la prisión de treinta días, y las costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.