[Civ. No. 12453.   First Dist., Div. One.   Sept. 22, 1943.]

VERA MAE HAYS, Respondent, v. EDWARD H. COWLES, Appellant.

Hugh K. McKevitt and Newell J. Hooey for Appellant.

Hankins & Hankins and Olin F. Nuckolls for Respondent.

KNIGHT, J.—This is an appeal from an order denying appellant's motion for a change of place of trial of the within action from the county of San Mateo, wherein it was brought, to the city and county of San Francisco, wherein appellant and respondent resided at the time of and prior to the commencement of the action. There was no counter-affidavit filed

and the sufficiency of the moving papers is not questioned; but in support of the trial court's order respondent contends first that the action is one for the recovery and the partition of real property situate in San Mateo County, and that therefore by virtue of section 392 of the Code of Civil Procedure such is the proper county for the trial of the action. It is our conclusion that the order is not sustainable on that ground.

By an unbroken chain of decisions beginning with *Smith* v. *Smith,* 88 Cal. 572 [26 P. 356], it has been definitely established that section 392 upon which respondent here relies is effective only when real property or the title thereto is the exclusive subject matter of the action, and that when a cause of action for relief *in personam* also is joined, the defendant is entitled to have the cause transferred to the county of his residence. Among the later cases in which the foregoing doctrine has been restated and applied are *Turlock Theatre Co.* v. *Laws,* 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786]; *Howe* v. *Tucker,* 219 Cal. 193 [25 P.2d 832]; *Bardwell* v. *Turner,* 219 Cal. 228 [25 P.2d 978]; and *Stesel* v. *Santa Ana R. Water Co.,* 35 Cal.App.2d 117 [94 P.2d 1052]; and in all of them numerous earlier decisions are cited holding to the same effect. In the Turlock Theatre case the court quotes at some length from the decision in *Smith* v. *Smith, supra,* part of which is as follows: "The plaintiff cannot, by uniting in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides. It is only when the real estate alone is the subject matter of the action that the provisions of section 392 can be invoked against a defendant who resides in a county different from that in which the land is situated. If, in his complaint, the plaintiff join with such cause of action another which is not embraced in its provisions, or if he also seeks a remedy against the defendant upon matters which are not embraced within the provisions of this section, his action becomes one of those 'other cases' provided for in section 395, which the defendant is entitled to have tried in the county of his residence." Obviously this is such a case.

As shown by the complaint, the action is one for the dissolution and liquidation of a hotel copartnership which was formed and has since been carried on in San Francisco, and only incidental to the granting of such relief does the action involve real property. According to the prayer of the complaint

the specific relief sought is an accounting, the appointment of à receiver, the sale of the partnership property, the liquidation of its affairs, and after the payment of the debts, a division of the proceeds between appellant and respondent as their interests may appear; also that pendente lite a restraining order be issued restraining the withdrawal, transfer or other disposal of any cash or other property of which the copartnership is alleged to be the owner. And the essential allegations of the complaint upon which respondent bases her demand for such relief are as follows: That pursuant to an oral agreement made about the year 1921 respondent and appellant entered into a copartnership "for the purpose of conducting a hotel business and for other purposes"; that "the business of said copartnership as now conducted" consists of the operation of the Hacienda Hotel at 580 O'Farrell Street in San Francisco, together with the leasehold interest and good will thereof; that "the property of said copartnership consists of said hotel business" with its furnishings, equipment, good will and a lease of the hotel property, cash in banks, automobiles, and other personal property, "together with certain real property located in the County of San Mateo" described as lots 25 and 26, Block 2, Redwood Park, San Mateo County, and the "equipment, furniture and furnishings contained in said real property." Respondent then goes on to allege on information and belief "that part of said cash, together with other personal property belonging to said copartnership, is on deposit with and in the possession of or under the control of" the First National Bank of San Mateo County at Redwood City, and the Bank of America and the Anglo California Bank at San Francisco, and that unless restrained by court order the appellant will withdraw and said banks will pay over and deliver to him the funds and other personal property so deposited with said banks. In paragraph III of the complaint respondent enumerates the grounds for the dissolution of the copartnership, among them being a general allegation that without respondent's knowledge appellant has invested some of the partnership funds in real property and taken title thereto in his name. But the only real property described in the complaint consists of the two lots in Redwood Park, and it is not alleged that title thereto stands solely in appellant's name. Furthermore, nowhere in the complaint does respondent ask for the recovery of any real property or that appellant be compelled to convey any interest in any real property to the copartnership or to respondent. From

the foregoing it will be seen that there is no legal ground upon which it may be held that real property or the title thereto is the exclusive subject matter of the action.

Respondent, in her brief, goes outside of the allegations of the complaint to narrate certain facts and circumstances relating to the acquisition by appellant in his name, with partnership funds, of "a piece of property situated in San Mateo county," and continuing she asserts that appellant falsely represented to her, and that not until shortly before bringing the present action did she learn that title thereto stood in both names. Even assuming, however, that the property thus referred to in respondent's brief consists of the two lots described in the complaint and alleged therein to be part of the partnership assets, and assuming also that incidental to the determination of the issues relating to the partnership accounting and the liquidation of its affairs the trial court will be called upon to determine the title to those lots, appellant cannot thus be deprived of the right to have the trial of the cause transferred to the county of his residence, for it is well settled that an action for an accounting is a proceeding in equity and is essentially a personal action; that the defendant has the right under section 395 of the Code of Civil Procedure to have such an action tried in the county of his residence; and that a plaintiff cannot deprive him of such right by uniting in his complaint a demand that as a sequence of such litigation the defendant be required also to convey certain real property situate in the county other than the defendant's residence. (*Smith* v. *Smith, supra; Stesel* v. *Santa Ana R. Water Co., supra; Howe* v. *Tucker, supra; Bardwell* v. *Turner, supra.*) In so holding the court in *Smith* v. *Smith* says: "Unless the cause of action set forth in the complaint falls wholly within the provisions of section 392, or of one of the two next succeeding sections, the provisions of section 395 prevail." Respondent also challenges the accuracy of the statement of the legal doctrine declared in the Smith case. But the doctrine as therein stated has been reiterated, quoted at length with approval, and applied in many later cases. It must therefore be taken as the established law of the state.

All three depositary banks mentioned in the complaint were named also as parties defendant. One of them, First National Bank of San Mateo County, is a resident of San Mateo County; and the second contention made by respondent in support of the trial court's order is that said bank is a necessary party to the action, and that therefore in any event

appellant is not entitled to have the place of trial changed to the city and county of San Francisco. The governing rule in such cases is, however, that where an action is brought against two defendants, one of whom resides in the county where the action is commenced and the other a non-resident thereof, the latter is entitled to have the place of trial changed to the county of his residence unless the resident defendant is a necessary party (*Hannon* v. *Nuevo Land Co.,* 14 Cal.App. 700 [112 P. 1103] ; *Sayward* v. *Houghton,* 82 Cal. 628 [23 P. 120] ; *Bailey* v. *Cox,* 102 Cal. 333 [36 P. 650]) ; and it is apparent from the record herein that the First National Bank of San Mateo County is not a necessary party to the action. There is nothing in the record showing that summons was ever served on any of the bank defendants or that any of them ever appeared in the action; it is averred in the affidavit filed by appellant in support of his motion that all of the bank defendants are only nominal and not proper or necessary parties defendant; no counter-affidavits were filed, and the allegations and prayer of the complaint substantiate such averment. In other words, nowhere in the complaint is it alleged directly or inferentially that said banks have or claim to have any interest whatever in the partnership funds or property deposited with them, and the only relief sought against the banks is that they be restrained pendente lite from paying over or delivering to appellant any of said funds or property so deposited with them, and clearly they could have been so restrained by the service upon them of an appropriate restraining order without making them parties defendant to the action. In this respect the situation is the same as the one presented in *Sayward* v. *Houghton, supra.* There the action was to compel the defendant Houghton to transfer certain corporate stock to plaintiff, and the corporation issuing the stock was made a party defendant. The relief demanded was that the defendant Houghton be required to make such transfer and to account for the dividends received thereon, ''and, incidentally, that defendants, and each of them . . . be perpetually enjoined and restrained from selling, transferring, or permitting to be transferred'' any of the stock involved in the action. In holding that the corporation was not a necessary party to the action and that the defendant Houghton was entitled to a change of place of trial of the action to the county of his residence the court said: ''There is nothing in the complaint showing, or tending to show, that the corporation defendant is in any sense interested in this action.

So far as can be seen from reading the allegations of the complaint, the attitude of the defendant corporation toward its co-defendant Houghton and the plaintiff is one of absolute indifference; quite as much so as any stake-holder could be between conflicting claimants to a fund in his hands, to which he had no claim himself. Not having any interest in the action which can be affected in any degree by the result of a trial, it makes no difference to the corporation defendant where the action is tried. Although not improperly made a party, the corporation defendant is not a party in interest. And it does not appear that it has ever manifested any interest in the case. We think the corporation defendant is not a necessary party to the action. The plaintiff might obtain all the relief he demands without making it a party.''

The case of *Freeman* v. *Dowling,* 219 Cal. 213 [25 P.2d 980], cited and relied upon by respondent, is not in point. There the plaintiff sought an accounting and certain injunctive relief growing out of a partnership enterprise involving the performance of a street improvement contract entered into with the city of Palo Alto in which the city was joined as and held to be a necessary party to the action. But there the factual situation existing between the partnership and the city was essentially different from the one here existing between the alleged partnership and the banks; and this is clearly shown by that part of the decision in that case wherein the court said: ''The accounting is but incidental to a determination of the rights of the plaintiff which may suffer serious detriment and involve plaintiff in a liability to the city and his bondsmen and possible financial loss, and therefore, in order to render full and complete relief and prevent possible multiplicity of suits, the city of Palo Alto and its officers who are defendants are necessary parties to a complete determination of the issues over which the court has jurisdiction. It is helpful to note that, while by section 1184 of the Code of Civil Procedure the materialmen and laborers may give to the city a notice to withhold the amount of their claims, such right is not accorded the respondent— who was the contractor. He and the city are both interested in having the fund applied to the extinguishment of the obligations. Thus the case is distinguished from *Sayward* v. *Houghton,* 82 Cal. 628 [23 P. 120].''

The order is reversed.

Peters, P. J., and Ward, J., concurred.