[Civ. No. 19086.   Second Dist., Div. Two.   Sept. 4, 1952.]

GEORGE JOHN TOMASELLO, a Minor, etc., Appellant, v. MASE T. TOMASELLO et al., Defendants; HARRY J. SUTTEY, Respondent.

Allan L. Leonard for Appellant.

Stanford G. Smith and Raymond H. Goodrich for Respondent.

FOX, J.—Plaintiff appeals from an order of the Superior Court of Los Angeles County granting the motion of defendant, Harry J. Suttey, for a change of venue to Santa Cruz County.

Defendants Harry J. Suttey and Rose G. Suttey were formerly husband and wife, residing in Santa Cruz County. In February, 1950, Harry filed suit for divorce from Rose. In his verified complaint he alleged plaintiff, who was then approximately 11 years of age, was issue of said marriage. In her verified answer and cross-complaint Rose made the same statement. In April, 1951, Harry was granted an interlocutory decree. The court found plaintiff was issue of such marriage. Custody was awarded to the parties jointly with the provision that physical custody of the child was given to the mother during school periods and to the father at other times. In September, 1951, this order was modified by providing for the placement of the child at a military academy in Los Angeles County for the current school year.

Rose and her adult daughter by a former marriage claim to have established residence in Los Angeles County about November 1, 1951. In December the infant, through his half sister acting as his guardian *ad litem,* brought this action in declaratory relief seeking a decree that defendant Tomasello is his natural father and a declaration that defendant Harry J. Suttey has no right to his custody or control and seeking to permanently enjoin Suttey from asserting any such right. Plaintiff's mother, Rose, was named a defendant. Defendant Tomasello is a resident of San Benito County.

Defendant Harry J. Suttey made a motion for a change of venue to Santa Cruz County where he still resides. Both the guardian *ad litem* and Rose opposed this motion. It was, however, granted. The correctness of this ruling depends upon whether Rose is a necessary party to this action.

Where an action is brought against two defendants, one of whom resides in the county where the action is commenced, and the other resides in another county, the latter is entitled to have the place of trial changed to the county of his residence unless the resident defendant is a necessary party. (*Hays* v. *Cowles,* 60 Cal.App.2d 514, 519 [141 P.2d 26]; *Smith* v. *Smith,* 30 Cal.App.2d 70, 72 [85 P.2d 473]; *Sourbis* v. *Rhoads,* 50 Cal.App. 98, 101 [194 P. 521]; *Hannon* v. *Nuevo Land Co.,* 14 Cal.App. 700, 704 [112 P. 1103].)

This necessitates an examination of the allegations of the complaint and the relief sought. (*Hellman* v. *Logan,* 148 Cal. 58, 60 [82 P. 848].) Such examination reveals that no cause of action is stated against Rose and there is no prayer for any relief against her. Furthermore, she filed an answer which failed to deny any material allegation in the complaint, and an affidavit in opposition to the motion for change of venue in which she says the facts alleged in the complaint "are absolutely true." It is thus plain that no "actual controversy" (see Code Civ. Proc., § 1060) exists between plaintiff and Rose. Hence there is no basis for declaratory relief against her. (*Mulligan* v. *Wilson,* 94 Cal. App.2d 286, 292 [210 P.2d 526].) She is not, therefore, a necessary party to this action. Consequently, the order is affirmed.

Moore, P. J., and McComb, J., concurred.