# WALTER *v.* BICKHAM.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF MISSISSIPPI.

Submitted May 11, 1887. — Decided May 27, 1887.

B. and M. sued out an attachment against the property of L. and A., who had made an assignment for the benefit of creditors. The writ coming to the hands of a marshal of the United States, he indorsed thereon an appointment of a special deputy; leaving the name of the latter blank, and verbally authorizing the attorney of the attaching creditors to fill the blank with the name of some "bonded officer." The blank was filled by the attorney with the name of a sheriff; and, he declining to act, his name was erased by the attorney, who then inserted the name of a town marshal. The latter having executed the writ by seizing the property of the debtors, on the same day turned over both the property and the writ to a regular deputy of the marshal. Subsequently the court, with the consent of the attaching creditors, the debtors and the assignee of the

debtors, ordered the property to be sold, and the proceeds to be brought into court for the benefit of all their attaching creditors, in their order. After the money was paid to the clerk of the court, other creditors of the same debtors obtained judgments against them, and, having procured writs of garnishment to be served on the marshal and clerk, moved to discharge the levy under the attachment, on the ground that it was made by an unauthorized person and was void. *Held,* that the attaching creditors, the debtors, and the assignee of the debtors having, in effect, waived their objections to the manner in which the property was seized, and the consent order of sale not being impeached for fraud, subsequent judgment creditors could not question the validity of the levy, or the disposition made of the proceeds of the property.

ON· the 29th of September, Bickham & Moore, creditors of Lake & Austin, sued out from the court below an attachment against the property of said debtors, directed to the marshal of the United States for the Northern District of Mississippi. The writ came to the hands of that officer for execution. The attorney of the plaintiffs informed him that "he wanted a blank deputization on a writ of attachment to send to Grenada," which was the place of the residence of the debtors. This request was at first denied, but finally the following indorsement was made on the writ: "I hereby appoint —— —— my special deputy to execute this writ, the plaintiff not holding me for the acts of such deputy. J. L. Morphis, U. S. Marshal." The writ, so indorsed, was delivered to the attorney of the attaching creditors and he proceeded to Grenada with it.

The marshal testified that he made the above indorsement with the understanding that the blank should be filled up with the name of a "bonded officer." Application being made to R. A. Hall, sheriff of Grenada County, to execute the writ, that officer agreed to do so. His name was accordingly inserted in the blank left in the indorsement thereon. He subsequently declined to act. Thereupon, the attorney for the attaching creditors erased the name of Hall and filled the blank with the name of Samuel Ladd, who was a town marshal. The latter executed the attachment on the 2d of October, 1883, by levying upon certain property belonging to Lake, and to Lake & Austin. At a late hour of the same day, a regular deputy of the marshal appeared at Grenada, and took

possession of the personal property which had been previously seized by Ladd under the writ of attachment. The writ was also delivered to him by Ladd.

On the 19th day of October, 1883, the following order of sale was made in the cause:

"Upon the application and consent, by attorneys, of all the creditors who have heretofore sued out attachments in this court against Lake & Austin, defendants, and upon consent of said defendants and A. C. Hebron, claimant, as assignee in the deed of assignment executed by said Lake & Austin, and with the consent of all other and non-attaching creditors of said Lake & Austin, who are this day represented by Messrs. Sullivan & Sullivan and Slack & Longstreet, and it appearing unto the court that an immediate sale of the effects so assigned and attached will best promote and subserve the interests of all and each and every the creditors of said Lake & Austin; therefore it is ordered, adjudged, and decreed by the court that the marshal of this judicial district shall sell at public auction, for cash, to the highest bidder, in one bulk, all the dry goods, groceries, and all other merchandise assigned by said Lake & Austin and subsequently attached and seized under writs issued from this court as aforesaid, . . . and when so sold the proceeds of such sale said marshal shall immediately pay to the clerk of this court, and be held subject to the orders of this court. The proceeds of such sale shall stand in all respects in lieu of and represent the goods and effects assigned and attached, and be liable as said property and effects now, and to said attachments liens in their order, and not further or otherwise; and the rights of the parties claiming said goods and effects to replevy the same or to reduce the same or any part thereof upon claim made and the execution of bond, as required by law, shall be in nowise prejudiced or affected by said sale, nor shall the consent to said sale in anywise operate as a waiver of or to the prejudice of any right, benefit, or advantage now held, possessed, or claimed by said parties or any of them, but all and singular the same shall be preserved, this being simply a consent order, and intended to convert the property into money in order to protect the same from waste and great

depreciation, and to let the money represent the property in all respects in the litigation. It is further ordered that said marshal do keep accounts of his said sales, showing the amount of proceeds of the several assets sold in the several bulks."

A sale was had pursuant to that order, and the sum of $24,550 — not more than sufficient to satisfy the claim of the plaintiffs and their costs — was realized, and paid over to the clerk of the court. The return of sale showed that so much of the order as required the sale of the books of account and choses in action was rescinded, and the notes levied on were delivered to A. C. Hebron "in accordance with an agreement between counsel for plaintiff and defendants."

On the 20th day of December, 1884, the plaintiffs in error, creditors of Lake & Austin, procured a judgment against the latter for $6300.26, and obtained thereon a writ of garnishment against the marshal and clerk of the court.

On the 2d of January, 1884, the same judgment creditors moved the court to discharge the levy made in behalf of Bickham & Moore upon the following grounds:

"1st. Because said alleged levy was not made by the U. S. marshal or any of his deputies, or by any one duly authorized to execute said writ of attachment.

"2d. Because the writ of attachment in this cause was levied and executed by Samuel Ladd, who was not and is not an officer of this court from which said writ emanated and was returnable, said Ladd not being either a regular deputy U. S. marshal or a special deputy.

"3d. Because Mr. H. M. Sullivan, one of the attorneys for plaintiffs in this cause, appointed said Samuel Ladd to execute the said writ of attachment.

"4th. Because J. L. Morphis, the U. S. marshal for the Northern District of Mississippi, appointed R. N. Hall, sheriff of Grenada County, his deputy, to execute the said writ of attachment in this cause by his written deputation upon the back of and on the said writ of attachment, which said writ was sued out in the U. S. court for the Northern District of Mississippi, and said writ was not executed by said Hall, who was so appointed, but was executed by said Samuel Ladd upon

the appointment of Mr. H. M. Sullivan as aforesaid, without any further authority from said U. S. marshal, by striking out the name of said Hall, upon his own motion, upon said Hall's declining to act, and substituting the name of Samuel Ladd in place and stead thereof.

"5th. Because said levy was not made by any lawful officer whatever, or by any one duly appointed to make said levy."

The motion was denied, and the present writ of error was brought to reverse that judgment.

*Mr. M. R. Walter* for plaintiffs in error.

I. Congress never intended to authorize any one to serve writs directed to the marshal, other than the marshal himself or those of his appointees who may have duly qualified as deputies by taking the required oath or affirmation; and service by any one else must be void. *Schwabacher* v. *Reilly*, 2 Dillon, 127; *Winternute* v. *Smith*, 1 Bond, 210; *Spafford* v. *Goodell*, 3 McLean, 97.

II. But assuming that an appointee of the marshal, who has not qualified, can serve process directed to the marshal, it has always been held that there is no power in the marshal to delegate his power of appointment, and that he cannot ratify such an appointment, nor a levy made in his name by one not lawfully appointed. *Perkins* v. *Hopkins*, 14 Ala. 536; *Montgomery* v. *Scanland*, 2 Yerger, 337; *Meyer* v. *Bishop*, 27 N. J. Eq. (12 Green) 141, 143.

III. Assuming that the marshal had the right to delegate his power of appointment, the power conferred on Sullivan was exhausted after Hall was appointed and agreed to serve.

No appearance for defendants in error.

Mr. Justice Harlan, after stating the case as above reported, delivered the opinion of the court.

On behalf of the plaintiff it is insisted: 1. That the law does not authorize any one to serve writs directed to a marshal, ex-

cept that officer himself, or such of his appointees as may have duly qualified as deputies, by taking the oath or affirmation prescribed by § 782 of the Revised Statutes of the United States; and that service by any one else is void. 2. Assuming that an appointee of the marshal, who was not thus qualified, can serve process directed to the marshal, the latter has no right to delegate to another his power of appointment; and he cannot ratify such an appointment, nor validate a levy made in his name by one not lawfully appointed. 3. Assuming that the marshal has the right to delegate his power of appointment, the authority conferred by him on the attorney of Bickham & Moore was exhausted after Hall's appointment and agreement to serve.

On the other hand, it may be claimed that, if the appointment of Ladd to execute the attachment was illegal, and if his levy was void, the subsequent action of a regular deputy of the marshal in taking possession of the attached property, and holding it under the writ delivered to him by Ladd, made the levy from that time so far valid, that the property was thereafter to be deemed in the lawful custody of such deputy, under the writ of attachment.

It is unnecessary to determine any of these questions; for, the record shows that on the 19th of October, 1883 — before the plaintiffs in error obtained their judgment against Lake & Austin, and, therefore, before they had acquired any special interest in the property — in the court below, upon the application and with the consent of all the creditors who had theretofore sued out attachments, and with the consent, as well of the debtors themselves as of Hebron, the assignee in the deed of assignment executed by the debtors, the attached effects were sold, by order of the court, and the proceeds paid, pursuant to that order, to the clerk. Thus, every person, who was in a position, in reference to the property, to object to the manner in which the writ of attachment was executed, consented that the property be placed under the control of the court, the proceeds of the sale to be applied to the attachment liens in their order.

Under these circumstances, creditors who did not obtain

judgments until after such consent order was made, cannot be heard to object to the manner in which the property was originally seized and brought into court, and made subject to its orders. The attaching creditors, the debtors, and the assignee of the debtors, having all approved what was done, subsequent judgment creditors — the consent order of sale not being impeached on the ground of fraud — acquired no such rights in the property as entitled them to question the disposition made of it or of the proceeds of sale.

*The judgment is affirmed.*