[S. F. No. 40.     Department Two.—December 13, 1895.]

SARAH PREY, RESPONDENT, v. W. H. STANLEY, APPELLANT.

110  423
126  481
110  423
149  675

QUIETING TITLE—HUSBAND AND WIFE—HOMESTEAD—SEPARATE PROPERTY OF WIFE—PARTIES—JOINT TENANCY.—In an action to quiet title brought by a wife, in respect of her separate property, the husband is not a necessary party, although a homestead had been declared upon the premises for the joint benefit of herself and her husband; and it is immaterial whether the homestead be considered as creating a joint tenancy or not, the wife being permitted to sue alone for the enforcement or protection of any right which she may have in her separate property, even if the right be that of a joint tenant only.

ID.—GIFT FROM SON TO MOTHER—CONTRACT IN RESTRAINT OF ALIENATION —VOID CONDITION.—Where a son purchases land which is conveyed to his mother as a gift, a subsequent contract reciting such acquisition of the land by her, and that the purchase money for the same was furnished as a gift by the son, and containing a covenant that the land should not be sold or conveyed without his consent, and that he was to be the manager thereof for her benefit, and that upon her death it was to be divided between her lawful heirs, is void as imposing a restraint upon alienation repugnant to the interest created in the property, and a subsequent conveyance from the mother to her daughter in consideration of love and affection, to the exclusion of her son, conveys the entire title to the daughter.

ID.—PUBLIC POLICY—NO ESTOPPEL BY INVALID CONTRACT.—The restraint sought to be imposed upon the mother's power of alienation being void as against the policy of the law, the daughter's assent thereto by her signature to the contract cannot estop her to allege its invalidity.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. WALTER H. LEVY, Judge.

The facts are stated in the opinion.

*Nagle & Nagle*, for Appellant.

Whatever the character of the property might have been before, it was, by the declaration of homestead, converted into the joint property of the husband and wife. (Civ. Code, secs. 1237, 1242, 1263, 1265; *Gleason* v. *Spray*, 81 Cal. 219; 15 Am. St. Rep. 47; *Carter* v. *McQuade*, 83 Cal. 278; *Burkett* v. *Burkett*, 78 Cal. 310; 12 Am. St. Rep. 58; *Oaks* v. *Oaks*, 94 Cal. 66; *Taylor* v. *Opperman*, 79 Cal. 468; *Barber* v. *Babel*, 36 Cal. 14.)

Therefore the husband should have been joined as a party plaintiff. (Code Civ. Proc., secs. 370, 372, 378; Pomeroy's Code Remedies, sec. 349.) Plaintiff is estopped by her signature to the agreement against alienation to question its validity. (Hermann on Estoppel, sec. 10; Civ. Code, secs. 767, 1660; 1 Parson on Contracts, 11.) As the restraint against alienation was not to extend beyond the life of Mary Jane Stanley, the agreement was valid, and vested a life estate in her with the remainder over to plaintiff and W. H. Stanley. (Civ. Code, secs. 715, 716, 767, 740-42; *Chandler* v. *Chandler*, 55 Cal. 269.) The provision in the contract making W. H. Stanley manager and superintendent, with the power to look after the property and rent it, made him the trustee of Mary Jane Stanley. (*Colton* v. *Colton*, 127 U. S. 300; *Tobias* v. *Ketchum*, 32 N. Y. 319; *Scott* v. *West*, 63 Wis. 529, 560; Bolles on Suspension of Alienation, secs. 53, 54; Perry on Trusts, secs. 82, 151, 158; *Cresswell* v. *Jones*, 68 Ala. 420.

*Shadburne & Herrin*, for Respondent.

A married woman may sue alone when the action concerns her separate property, or her right or claim to the homestead property. (Code Civ. Proc., sec. 370.) The filing of a declaration of homestead on the premises did not vest any title in the husband, nor create a new estate. (Civ. Code, sec. 1265; *Gee* v. *Moore*, 14 Cal. 477; *Tyrrell* v. *Baldwin*, 78 Cal. 475; *Neary* v. *Godfrey*, 102 Cal. 343; Freeman on Cotenancy, c. 3; *Mauldin* v. *Cox*, 67 Cal. 391.) Where there is a gift no trust is created. (Perry on Trusts, sec. 119; *Tryon* v. *Huntoon*, 67 Cal. 325; *Sears* v. *Cunningham*, 122 Mass. 538; *Barrett* v. *Marsh*, 126 Mass. 213; *Paisley's Appeal*, 70 Pa. St. 158; *Hess* v. *Singler*, 114 Mass. 56.) No condition or conditional limitation against alienation is good. (Civ. Code, sec. 711; *Murray* v. *Green*, 64 Cal. 363; *Reifsnyder* v. *Hunter*, 19 Pa. St. 41; *Walker* v. *Vincent*, 19 Pa. St. 369; *Ludlow* v. *New York etc. R. R. Co.*, 12 Barb. 440; *Kepple's Appeal*, 53 Pa. St. 211; *De Peyster* v. *Michael*, 6 N. Y. 492;

57 Am. Dec. 470; *McDowell* v. *Brown,* 21 Mo. 57; 6 Am.
& Eng. Ency. of Law, 877.)

BRITT, C.—Action to quiet title to a parcel of land in
the city and county of San Francisco. Plaintiff is the
wife of one Oscar Prey; defendant is her brother; she
claims title through Mary J. Stanley, the mother of her-
self and defendant, in virtue of a deed of the premises
executed to her by said Mary J. Stanley, February 29,
1892, in consideration of love and affection. Judgment
was for plaintiff.

1. On November 29, 1892, plaintiff filed in the re-
corder's office a declaration of homestead on the prem-
ises for the joint benefit of herself and her said husband;
this action was begun June 15, 1893; it is alleged in
the complaint that the land in question is plaintiff's
separate property. Appellant maintains that there is a
defect of parties in that said Oscar Prey should have
been joined with his wife as a plaintiff (Code Civ. Proc.,
sec. 370); the ground assigned for this view is that upon
the declaration of the homestead the land ceased to be
her separate property and became the joint property of
herself and her husband. Conceding, for present pur-
poses only, that the declaration of homestead transmuted
the title into a joint tenancy, as claimed by appellant,
it is yet not perceived that the result contended for
would follow; whatever interest the wife has in the land
was acquired by gift, and is, therefore, her separate prop-
erty (Civ. Code, sec. 162); for the enforcement or protec-
tion of such right, even if that of a joint tenant only,
she is now permitted to sue alone (Code Civ. Proc., secs.
370, 384); and as against one having no interest in the
land her right for the purposes of this action extends to
the whole thereof. The husband was not a necessary
party.

2. On January 25, 1892, one Murphy conveyed cer-
tain land, including that in suit, to said Mary J. Stan-
ley, in consideration of the sum of two thousand five
hundred dollars, which was paid by the defendant, W.

H. Stanley; the transaction being intended as a gift
from the latter to his mother. Thereafter, on February
23, 1892, a contract in writing was executed, naming as
the parties thereto said Mary J. Stanley and W. H. Stan-
ley, and reciting such acquisition of the land by her,
and that the purchase money for the same was fur-
nished as a gift by said W. H. Stanley. It then set
forth a covenant on the part of said Mary J. that no
part of such land "shall be sold or conveyed . . . .
without the consent" of said W. H. Stanley; that he
was to be known and considered as the manager and
superintendent of the land described for the interest
and benefit of said Mary J., to whom was to be paid all
the income thereof; and that, in case of her death, the
property should be divided between her lawful heirs,
"who are now at this time Sarah Prey and W. H. Stan-
ley." This instrument was signed by the plaintiff as
well as by Mary J. and W. H. Stanley, though plaintiff
was not named a party in the body thereof. Mary J.
Stanley made the deed of February 29, 1892, to the
plaintiff without defendant's consent.

It is argued that the contract of February 23d oper-
ated to make W. H. Stanley a trustee of the title for his
mother, but there is nothing in its language to warrant
this contention; to say that he should be manager and
superintendent for her benefit, no more made him a
trustee having an interest as such in the land, than if
he had been named her steward, collector, or attorney.
The question, then, is, whether the agreement of Mary
J. Stanley, not to convey the land without her son's
consent, was valid; if it was, plaintiff has no title; if it
was not, her title is clear as against defendant. Condi-
tions in restraint of alienation, when repugnant to an
interest created in property, are void. (Civ. Code, sec.
711.) In consonance with this principle, it was held
in *Murray* v. *Green*, 64 Cal. 363, that a clause in a deed
restraining the grantee from conveying without the
grantor's consent, the title granted being the fee, was
repugnant to the interest created by the deed, and void.

In the present case, the restriction is not contained as a condition in the instrument by which the estate passed to Mary J. Stanley, but occurs in the form of a covenant on her part in a separate contract, which, as appears from its recitals, was intended to operate as a qualification of the absolute conveyance from Murphy to her. But the rule does not depend upon the mere form in which the restraint is imposed. It avoids, as well, covenants of the grantee against alienation as conditions of like nature imposed by the grantor; such covenants, if not within the letter of section 711 of the Civil Code, are yet obnoxious to the policy of which that section is a partial expression. (Greenhood on Public Policy, 606, note 2, et seq; *Hunt* v. *Wright*, 47 N. H. 400; 93 Am. Dec. 451, and cases cited.) The parties to the contract of February 23, 1892, seem to have made the mistake of leaving the absolute title in Mrs. Stanley, and at the same time attempting to destroy an inseparable incident of such title. They could not thus create a mongrel estate unknown to the law, and the attempt was abortive. (*Murray* v. *Green*, 64 Cal. 367; *Doebler's Appeal*, 64 Pa. St. 9; *Mandlebaum* v. *McDonell*, 29 Mich. 92; 18 Am. Rep. 61.)

It follows, also, that the claim of appellant that plaintiff is estopped, by reason of her signature, to the contract of February 23, 1892, cannot be sustained; the restraint sought to be imposed on Mary J. Stanley's power of alienation being void, as against the policy of the law, the plaintiff's assent thereto could not estop her to allege its invalidity. (Greenhood on Public Policy, 115; 2 Parsons on Contracts, 789, note *i*.) No other points made require special notice.

The judgment and order appealed from should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.