[Civ. No. 2035.    First Appellate District.—May 2, 1917.]

# N. P. MILLOGLAV, Respondent, v. LYDIA ZACHARIAS, Appellant.

TRUST—PURCHASE OF REAL PROPERTY—PAYMENT OF CONSIDERATION BY ANOTHER—AGREEMENT NOT TO SELL OR ENCUMBER—VALIDITY NOT AFFECTED.—The trust which is presumed to result under section 853 of the Civil Code where a transfer of real property is made to one person, and the consideration therefor is paid by or for another, is of necessity one by which the grantee would be bound not to sell or encumber the property to the injury of the person for whose benefit the trust was presumed to arise; and the mere fact that the parties had understood or agreed that such would be the effect and terms of the trust relation would not in any way militate against the creation or validity of the trust.

33 Cal. App.—36

Id.—Transfer of Real Property—Agreement to Support—Breach—Resulting Trust.—Where a confidential relationship exists between two persons and one of them purchases real property and causes it to be conveyed to the other upon the agreement that the latter would care for, support, and maintain the former for the balance of his natural life, and thereafter the latter refuses to carry out the agreement, a resulting trust arises in favor of the former.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Donahue, Judge.

The facts are stated in the opinion of the court.

Stoney, Rouleau, Stoney & Armstrong, for Appellant.

Rose & Silverstein, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff in an action to have declared a trust in his favor arising out of the facts set forth in his complaint. The appeal is taken upon the judgment-roll without a bill of exceptions, and hence the appellant's contentions are limited to two; first, that the judgment is not supported by the pleadings; and second, that it is not justified by the findings of fact and conclusions of law in the case.

The complaint is in two counts, in the first of which it is alleged in substance that the plaintiff, who is the father of the defendant, furnished the purchase price of the lands upon which a trust is sought to be impressed, and that the title was taken in the name of the defendant in trust for and for the benefit of the plaintiff and with the understanding that she was not to encumber or sell the property; that in violation of said understanding the defendant has already encumbered said property by a deed of trust to secure her promissory note in the sum of two thousand dollars borrowed money, which she has wrongfully appropriated to her own use; and it is further averred that she threatens to convey and dispose of the property to some person or persons unknown to the plaintiff for the purpose of cheating and defrauding the plaintiff out of his right, title, and interest in the said property.

It is contended by the appellant that the first count of the plaintiff's complaint does not state a cause of action for the

reason, as she urges, that the trust alleged therein to have
been created is an express trust; and since the condition of
the trust agreement was that the grantee of the title would
not sell or encumber the property, this condition, being hos-
tile to the grant, is void.  In support of this contention the
appellant strongly relies upon the cases of *Prey* v. *Stanley,*
110 Cal. 423, [42 Pac. 908], and *Ripperdan* v. *Weldy,* 149
Cal. 667, [87 Pac. 276].

We cannot give our support to the appellant's contention,
nor to the application to this cause of the foregoing cases
upon which she relies.  The averments of the first count of
plaintiff's complaint as above summarized bring this case
clearly within the terms of section 853 of the Civil Code, which
provides that ''When a transfer of real property is made
to one person, and the consideration therefor is paid by or
for another, a trust is presumed to result in favor of the
person by or for whom such payment is made.'' The
trust which would be presumed to so result would of
necessity be one by which the grantee would be bound not
to sell or encumber the property to the injury of the
person for whose benefit the trust was presumed to arise;
and the mere fact that the parties had understood or agreed
that such should be the effect and terms of the trust relation
would not in any way militate against the creation or valid-
ity of the trust which came into being under the terms of the
foregoing section of the Civil Code.  The cases above referred
to and relied upon by the appellant have no application to
such a state of facts as is presented by the first count of the
complaint in this case.  They refer to cases where a fee-
simple title has by the act and intent of the parties passed
to the grantee, and where an attempt was made in restraint
of alienation to impose a condition repugnant to the interest
created by the conveyance of the property.  But no such
situation is presented by the case at bar according to the
averments of the first count of plaintiff's complaint.  We
think, therefore, that the appellant's objection to the suffi-
ciency of the first count of the complaint herein is not well
taken.

The appellant makes a similar objection to the second count
of the complaint.  The averments of this count are in sub-
stance that prior to the twenty-second day of September, 1913,

the plaintiff was approached by the defendant with the proposition that if he would purchase the property in question herein and cause the same to be conveyed to the defendant she would care for, support, and maintain him in her home to be established thereon for the balance of his natural life, and would not sell or encumber or otherwise dispose of said property or any portion thereof; and that relying upon these promises of the defendant the plaintiff did supply the sum of four thousand five hundred dollars as the purchase price of said property. and caused the same to be conveyed to said defendant; but that notwithstanding her promise and agreement, she refuses to prepare his meals or otherwise care for him as she had agreed to do, and has encumbered the property for a debt of her own in the sum of two thousand dollars, and has further threatened to convey or dispose of the same for the purpose of defrauding the plaintiff out of his. right, title, and interest therein.

At the time of the trial of the action the court permitted both counts of the plaintiff's complaint to be amended so as to conform with the proofs by the insertion in each of an averment to the effect that the plaintiff had great confidence and trust in the defendant arising out of the relation between them, and relying upon said confidence, and fully believing that the defendant would hold said property in trust for plaintiff as agreed, the plaintiff had directed said conveyance to be made to the defendant.

We are able to perceive no material difference in these two counts of the plaintiff's complaint in so far as they each aver facts from which a resulting trust would arise in favor of plaintiff. It is true that the second count in the complaint amplifies somewhat the terms and requirements of such trust by the addition of the provisions calling for the care and maintenance of the plaintiff in the home of the defendant upon the purchased property. These added conditions are quite common in trusts of this character and are not hostile to them; and we are of the opinion that the averments of this second count in plaintiff's complaint taken in connection with the later amendment thereto, averring the existence of a confidential relation between the parties, upon which the plaintiff relied, in investing the defendant with the apparent title to the property in question, bring this case within the range of those authorities in this state which deal

with the subject of trusts arising out of actual or constructive fraud on the part of those persons who are invested with apparent but not real ownership of the property. (*Brison* v. *Brison,* 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689]; 90 Cal. 323, [27 Pac. 186]; *Alaniz* v. *Casenave,* 91 Cal. 41, [27 Pac. 521]; *Odell* v. *Moss,* 130 Cal. 352, [62 Pac. 555]; *Jones* v. *Jones,* 140 Cal. 587, [74 Pac. 143]; *Lauricella* v. *Lauricella,* 161 Cal. 61, [118 Pac. 430].) Under these authorities we are satisfied that the complaint herein in both its counts, and especially as amended at the trial, states a cause of action.

The final contention of the appellant is that the findings do not support the judgment. The findings reveal a somewhat different state of facts from those averred in the complaint, and they are also somewhat prolix and detailed in an apparent effort on the part of the trial court to make them responsive to the averments and denials of the defendant's cross-complaint and to the averments of the answer thereto. Without rehearsing these matters in detail, it may be said that the main divergence of the findings of the trial court from the averments of plaintiff's complaint springs from a finding to the effect that the defendant had contributed the sum of $850, which she had placed in the hands of the plaintiff to be used in the establishment of the home of the parties, and which may have been used in buying the furniture therefor, since the court expressly finds that the purchase price of the real estate did not consist of moneys belonging to the defendant. The court undertook to equalize these matters in its judgment by providing therein that the defendant should pay over to the plaintiff the sum received by the encumbrance of the property less whatever credit she would be entitled to by reason of her contribution to the equipment of the home. We think this sort of adjustment of the monetary affairs of the parties was fully within the discretion of a court of equity. While the court does not make an express finding upon the subject of fraud on the part of the defendant, it does find the facts from which the implication of fraud would necessarily arise; and we are otherwise of the opinion that the findings of the court, taken as a whole, are responsive to the issues in the case, and that they support the conclusions of law and the judgment based thereon.

It follows that the judgment should be affirmed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 28, 1917.