[S. F. No. 15613. In Bank.—December 28, 1936.]

OLIVE E. L. FRITZ et al., Respondents, v. J. R. GILBERT et al., Appellants.

W. H. Metson and E. B. Mering for Appellants.

Duncan A. McLeod, Philip M. Carey and Leslie M. Julian for Respondents.

LANGDON, J.—This is an action to quiet title to a ranch in Alameda County, which for convenience has been described as upper parcel and lower parcel. In 1930 defendant Gilbert, a real estate broker, proposed to Charles J. Russell, the then owner, a deal whereby property in San Francisco owned by Harry Friend, together with $5,500, would be exchanged for the ranch. Gilbert at that time held an option to purchase the upper parcel for $5,000. He then approached plaintiff, Mrs. Fritz, and she agreed to finance the transaction, provided that Gilbert would assign to her his option, which he did. Accordingly she deposited $5,500, and later another $5,000, with defendant title company, and the two parcels were conveyed to the company, which acknowledged that it held title for the benefit of Mrs. Fritz, but, at the instance of Gilbert, further provided that no transfer could be made without his written consent. Agreements were also entered into between Mrs. Fritz and Gilbert, by the terms of which he had the right to sell the property, and to receive not the ordinary real estate commission, but half the profits or balance over the amount of $10,500 paid by Mrs. Fritz. Later sales were made of a portion of the property to defendant Carson and another. In 1932 Mrs. Fritz moved into the dwelling house on the upper parcel, declared a homestead on it, and gave a deed of trust on it to secure a note for money she borrowed, all without the consent of Gilbert. In 1933 Gilbert, being indebted to defendant O'Hare in the sum of $3,200, trans-

ferred all of his right, title and interest in the property to said O'Hare to secure such indebtedness.

Meanwhile, in January, 1930, Gilbert became ill, and was confined to his home, being unable to conduct his real estate business. He did not reopen his office until March, 1933, and during that period let his license lapse. No sales of any part of the property were made by him during that time.

■ This complaint, in the usual form of a quiet title action, was filed in May, 1934, to establish plaintiff's title as against adverse claims. The title company disclaimed any beneficial interest. Defendant O'Hare based his claim on that of Gilbert. Defendants George and Lila Carson answered, but have not appealed, and their claims need not be considered. Defendant Gilbert answered, claiming an interest in the property as owner, together with plaintiff. The theory of said defendant is that he was engaged with plaintiff in a joint adventure; that he had a contract to purchase the property, and she merely advanced the money, with the result that she obtained a lien thereon; that the property of the joint adventure was held by the title company in trust for both parties; and that one member of a joint adventure cannot quiet title against the interest of another.

The trial court found against all of these contentions of defendant, and further found that the agreement by which the property was to be held by the title company and not sold without the consent of Gilbert was fatally uncertain, without consideration, and a void restraint upon alienation; that Gilbert was guilty of fraud in representing to Mrs. Fritz that there was a lien upon the property; and that Gilbert did not perform his part of the agreement to promote the sale of the same. The evidence further shows that Gilbert failed to pay taxes and insurance as called for by the agreement, and that he sold certain personal property, including incubators and baby chickens, converting the money to his own use. It further appears that Gilbert misrepresented the purchase price of the property to Mrs. Fritz, thereby securing a $500 secret commission.

From all of this evidence the court concluded that the title of plaintiff should be quieted, and its judgment to that effect is amply supported by the record. The facts recited do not indicate a joint adventure, but rather a real estate transaction in which Mrs. Fritz was the buyer of the prop-

erty, and defendant Gilbert, the agent who negotiated its purchase, and thereafter secured an agreement with respect to sharing in profits from any resale. As pointed out, he did little towards actual performance of the agreement, and was guilty of fraud and conversion, under evidence believed sufficient by the trial court. The beneficial ownership of the property was in Mrs. Fritz, and the attempt to contract away for an indefinite period any right on her part to transfer the same without the consent of Gilbert seems clearly an invalid restraint upon alienation.

The judgment is affirmed.

Edmonds, J., Waste, C. J., Curtis, J., Shenk, J., Seawell, J., and Thompson, J., concurred.

Rehearing denied.