[Civ. No. 17139.   Second Dist., Div. Two.   Oct. 26, 1949.]

JAMES H. MULLIGAN et al., Appellants, v. PHILIP L. WILSON et al., Respondents.

Charles L. Nichols, W. W. Kaye and George Acret for Appellants.

Wood, Crump, Rogers, Arndt & Evans and Stanley M. Arndt for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action for declaratory relief, plaintiffs appeal.

FACTS: Plaintiffs alleged that they entered into a real estate option February 20, 1946, with Mary C. Durant, which read as follows:

"REAL ESTATE OPTION. Los Angeles, California, February 20, 1946, Received of Ann Fleming and James H. Mulligan the sum of Five Hundred ($500.00) and no/100 Dollars as part payment for the following described Real Property [description].

"The entire price to be paid for above described Real Property is Fifty-Thousand ($50,000.00) and no/100 Dollars, ($50,000.00—) and to be paid as follows:

"$10,000.00 cash at time of sale and the balance of $40,000.00 represented by a note at 5% interest per annum secured by a

first trust deed on said property, Title Insurance & Trust Company to act as trustee, interest to be paid quarterly. Terms of amortization to be such as to fully pay the principal balance on or before five (5) years from the date of exercise of this option in equal annual payments.

"Property to be free and clear of all encumbrances except 1st Taxes (current) to be pro-rated; 2nd Conditions and restrictions of record; 3rd Deed of trust mentioned above.

"A Good and sufficient Deed to be executed and delivered by the said undersigned, Mary C. Durant to said Ann Fleming and James H. Mulligan their heirs or assigns on or before the 20th day of August, 1948, together with a good and sufficient policy of title insurance from Title Insurance & Trust Company, subject to the conditions set forth above.

"Provided, however, that the payment of $50,000.00 is tendered or paid at said date. If the said payment of $50,000.00 is not paid or tendered on or before the 20th day of August, 1946, then this contract to be void and of no effect, and both parties released from all obligations herein, and in that event the said $500.00 paid on this date is to be retained by Mary C. Durant as liquidated damages. . . ."

On August 19, 1946, plaintiffs assigned all of their interest under the foregoing option without recourse to defendant Philip L. Wilson, and on August 20, 1946, plaintiffs and defendants entered into the following agreement with reference to the aforementioned option:

### "AGREEMENT

"This Agreement made and entered into on this 20th day of August, 1946, in the City of Los Angeles, County of Los Angeles, State of California, by and between Philip L. Wilson and Maud N. Wilson, husband and wife, hereafter designated as 'First Parties,' and Ann Fleming (a single woman) and James H. Mulligan (a married man), hereinafter designated as 'Second Parties,'

### Witnesseth:

"Whereas, Second Parties were the optioners to purchase certain real property [description], and

"Whereas, Second Parties have assigned to First Parties all of their right, title and interest in and to the option agreement and First Parties have complied with the terms of said option agreement by the payment of certain monies, together with the execution of a Deed of Trust for the purchase of the

aforesaid property, under the terms and conditions of said option; and

"Whereas, certain agreements in reference to the ownership of the aforesaid real property and the distribution of profits, if any, arising out of the ownership of said property have been orally agreed to by the parties hereto, and it is desired that said oral agreements be reduced to writing,

"Now Therefore, in consideration of the mutual covenants contained herein and for other good and valuable considerations, it is agreed as follows:

"(1) First Parties have deposited with the Security-First National Bank, 5th & Spring Streets, Los Angeles, California, Escrow Department, the sum of Ninety-five Hundred Dollars ($9500.00) in cash, and have executed a Trust Deed in the amount of Forty-Thousand Dollars ($40,000.00), securing five (5) promissory notes each in the amount of Eight Thousand Dollars ($8,000.00) with interest on said notes at the rate of five per cent (5%) per annum, said interest payable quarterly; said cash and Deed of Trust being in full payment of the purchase price of the real property hereinbefore described.

"(2) The property so purchased is unimproved and requires excavation to be brought to the street level. First parties agree that in the event of the necessity of excavating and clearing up the dirt now on the lot, that they will expend a sum of money not to exceed in the aggregate of Nine Thousand Dollars ($9,000.00) for that purpose when, as, and if required. In the event that the cost of said excavating and clearing up is in excess of Nine Thousand Dollars ($9,000.00), Second Parties agree to pay any such excess.

"(3) It is the intent of the parties that the property stand of record in the name of either or both of the First Parties, with the distinct understanding however that Second Parties have an actual and real interest in any profits and/or income derived out of the sale or improvement, lease or rental of said property to the extent of fifty per cent (50%) of any monies and/or properties received in excess of the gross investment in the property by the parties of the First Part.

"(4) It is agreed between the parties at this time that it is the contemplation of said parties to re-sell said property for a sum of money not less than eighty-five thousand dollars ($85,000.00), with the distinct understanding however, that

if all parties agree, a lesser amount may be accepted for said property.

"(5) First Parties agree that books and records in connection with the cost, expenses, and income, if any, arising out of said property will be open and available to Second Parties or a representative selected by them. . . ."

Plaintiffs further alleged that an actual controversy had arisen with respect to the interpretation of the agreement of August 20, 1946, and sought a declaration of their rights under it.

TRIAL: Both parties contended at the time of trial that the decision of the court was to be based solely and entirely upon an interpretation of the agreement of August 20, 1946.

JUDGMENT: The trial court entered this judgment:

"It is ordered, adjudged and decreed that the respective rights, duties and obligations of the parties herein in and to that certain real property [description], and in and to that certain written agreement dated August 20, 1946, in which defendants herein are first parties and plaintiffs herein are second parties, a copy of which is attached to the complaint herein as Exhibit 'B,' are as follows:

"1. Defendants Philip L. Wilson and Maud N. Wilson are the owners of said real property.

"2. Plaintiffs James H. Mulligan and Ann Fleming have no right, title or interest in and to said property save and except such rights as are given them by that certain agreement dated August 20, 1946 hereinabove referred to, which rights are as hereinafter set forth and not otherwise.

"3. Defendants Philip L. Wilson and Maud N. Wilson are entitled to and have the right to sell said property at any time $85,000.00 or more can be secured for said property. Said defendants are entitled to have said property purchased for themselves through an agent or dummy for $85,000.00 or more and are entitled to purchase the rights of plaintiffs under said contract on the basis of a purchase price of $85,000.00 or more for the entire property, provided that no available purchaser known to defendants will pay more for said property.

"4. In the event of such a sale or acquisition of said property, plaintiffs and defendants are each entitled to receive, as hereinafter set forth, 50% of any moneys or property received in excess of defendants' gross investment in the property, which said gross investment amounts at the present time to $20,815.08. In the event of the sale of said property

or the acquisition of plaintiff's rights by defendants, there shall first be deducted from the purchase price of the entire property the costs of such sale (including costs of giving notice, real estate commission, documentary stamps, title policy and escrow fees) and from the balance there shall first be repaid to defendants the sum of $20,815.08, together with interest at 7% per annum from date of this judgment, together with any amounts paid by defendants subsequent to date of trial for taxes, lighting assessments, interest, principal payments, and other expenses of said property in excess of rentals received by defendants and the balance of the purchase price shall be divided one-half to plaintiffs and one-half to defendants. In the event that defendants receive, subsequent to trial, for rents from said property, more than they pay out, then the amount of $20,815.08 hereinabove referred to shall be reduced accordingly.

"5. There has been no bad faith on the part of defendants. There is an obligation on all of the parties to said agreement to use good faith in carrying out said agreement.

"6. Said agreement is a valid, subsisting agreement and the rights of the parties therein are as hereinabove set forth . . ."

■ QUESTIONS: First: *Did the trial court err in holding that plaintiffs' only interest in the property was in the profit and/or income derived out of the sale, improvement, lease or rental of said property?*

This question must be answered in the negative. Paragraph 3 of the agreement supports the trial court's finding, whose interpretation is in accordance with the rule as announced in *Fritz* v. *Gilbert*, 8 Cal.2d 68, 80 [63 P.2d 291], and *Prey* v. *Stanley*, 110 Cal. 423, 426 [42 P. 908]. Therefore the trial court properly found that defendants could resell the property without consulting plaintiffs if they obtained $85,000 or more for it. (See paragraph 4 of the agreement which supports such finding.)

■ Second: *Did the agreement constitute a partnership, joint venture or trust?*

This question must also be answered in the negative. *Fritz* v. *Gilbert*, 8 Cal.2d 68 [63 P.2d 291], held that a similar agreement did not constitute a joint venture. *Coward* v. *Clanton*, 122 Cal. 451, 454 [55 P. 147], decided that a like agreement did not constitute a partnership, and *Prey* v. *Stanley*, 110 Cal. 423, 426 [42 P. 908], held that an analogous

agreement to that in the present case did not constitute a trust agreement.

Third: *Did the trial court err in not making a finding as to the payments defendants were obligated to make upon the property as set forth in the agreement?*

This question must likewise be answered in the negative and is governed by these rules:

1. An applicant for declaratory relief must show that a present controversy exists, and if this fact is not shown a cause of action for declaratory relief is not established. (*Merkley* v. *Merkley,* 12 Cal.2d 543, 547 [86 P.2d 89].)

2. The burden of proof is upon plaintiff to show that conditions exist which will justify the court in exercising its discretionary powers to grant declaratory relief pursuant to section 1060 of the Code of Civil Procedure. (*Merkley* v. *Merkley, supra.*)

In the present case no evidence was offered by plaintiffs or defendants to show that any controversy existed between the parties as to the payments which were to be made by defendants under the agreement in question. Plaintiffs failed to sustain the burden imposed upon them under rule 2, *supra,* and therefore under rule 1 they did not establish a cause of action for declaratory relief. The trial court was correct in not making a finding relative to the payments to be made by defendants pursuant to the terms of the agreement.

Fourth: *Did the trial court err in allowing defendants 7 per cent interest from the date of the judgment on the sum of $20,815.08, to which the court determined defendants were entitled upon the sale of the property before division of the balance of the consideration received upon such sale?*

This question must be answered in the negative. (1) In a declaratory relief action the trial court has the same powers as those exercised by the court in an equity suit. (*Adams* v. *Cook,* 15 Cal.2d 352, 362 [101 P.2d 484].) (2) All final judgments for the recovery of money bear interest from the date of the entry of judgment. (Cases cited in 14 Cal.Jur. (1924) p. 676, note 14.)

In the present case the judgment was a final one and therefore under rule (2), *supra,* defendants were entitled to interest on the sum of money allowed them from the date of the entry of judgment.

Fifth: *Did the trial court err in construing the agreement to provide that defendants could purchase the property?*

This question must also be answered in the negative. Under paragraph 4 of the agreement between the parties it was expressly provided that the property might be sold at any time for the sum of not less than $85,000. This being true there was no restriction as to who the purchaser should be, and if defendants were willing to pay at least $85,000 for the property they were entitled to purchase it.

Since the trial court expressly found that each of the parties must exercise good faith as to the other no question upon such subject is presented to this court at the present time.

Affirmed.

Moore, P. J., and Wilson, J., concurred.