[Civ. No. 22547. Second Dist., Div. Two. Mar. 26, 1958.]

EDITH HARVEY, Respondent, v. GEORGE H. WHYTE, Appellant.

686

Roland Maxwell, Paul H. Marston and Richard W. Olson for Appellant.

Roy B. Woolsey for Respondent.

HERNDON, J.—Respondent is the assignee of a money judgment rendered on December 20, 1951, against Allied Building Supply Company, a corporation, hereafter called "the corporation." Appellant is the purchaser of certain property at an execution sale held on October 18, 1951, to enforce a judgment rendered against one Lee H. Stroble in an unrelated action entitled "Ennis v. Stroble." The property so purchased by appellant actually was owned by the corporation and not by the judgment debtor Stroble. Both appellant and the marshal who conducted the sale had been so informed prior to the sale.

Respondent brought the instant action in the nature of a creditor's bill resting appellant's liability on the factual premise that appellant held property of the corporation, respondent's judgment debtor, and claimed it adversely. This action invokes section 720 of the Code of Civil Procedure,

which so far as here material provides: "If it appears that a person . . . alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt, the judgment creditor may maintain an action against such person . . . for the recovery of such interest or debt; . . ."

Stroble was the principal stockholder of the corporation, which became inactive in 1951. Thereafter Stroble carried on a contracting business as an individual at the same address, using the fictitious name "Allied Building Supply Company." As above indicated, the Ennis judgment ran against Stroble individually whereas respondent's judgment ran against the corporation. Immediately before the marshal commenced the execution sale pursuant to a writ issued under the Ennis judgment, Stroble announced to all persons present the fact that none of the property on the premises belonged to him but was the property of the corporation. Nevertheless, the marshal proceeded with the sale and appellant purchased certain items of the personal property for the sum of $626.50. There was testimony at the trial of the instant case that the property was actually worth from $12,000 to $25,000.

Appellant does not question the sufficiency of the evidence to support the finding of the trial court that the property which he purchased under the judgment against Stroble was not owned by Stroble, but was in fact the property of the corporation, respondent's judgment debtor. Neither does appellant question the fact that the value of said property clearly exceeded the amount of the instant judgment.

We find appellant's contentions on this appeal to be unsubstantial and wholly without merit. They are as follows: (1) That the judgment is erroneous in amount; (2) that respondent was guilty of laches; (3) that the instant action involves a collateral attack upon the execution sale at which appellant purchased the property; (4) that respondent could not properly attack the execution sale because her judgment was rendered after the sale; (5) that payment of an adequate consideration for the judgment was essential to respondent's right to recover in equity.

■ Appellant's assertion that the judgment is excessive in amount is not borne out by the record. The error in appellant's computation arises from his failure to add the amount of interest which accrued upon the original judgment between December 20, 1951, and September 29, 1952. ■ All final judgments for the recovery of money bear interest from

the date of entry. (*Mulligan* v. *Wilson*, 94 Cal.App.2d 286, 292 [210 P.2d 526].)

Appellant's plea of laches clearly was not sustainable. The judgment sought to be enforced herein was rendered on December 20, 1951. Execution was levied against appellant upon all property of the corporation in his possession or under his control. Appellant made a negative response to the writ and it was returned *nulla bona* in May of 1953. This action was commenced in September of 1954. It is not contended that the action is barred by any applicable statute of limitations.

Delay alone does not constitute laches. There must be present the additional element of resultant injury or prejudice. (*Kirkpatrick* v. *Tapo Oil Co.*, 144 Cal.App.2d 404, 412 [301 P.2d 274]; *Lubin* v. *Lubin*, 144 Cal.App.2d 781, 794 [302 P.2d 49].) The only claim of prejudice asserted by appellant is stated in his opening brief as follows: "The Statute of Limitations against a Sheriff or Marshal for a wrongful Execution Sale is two years. Code of Civil Procedure Section 339. Had the present action been filed within the two years, the defendant could have cross-complained or joined the Marshal in this action, seeking to make him liable on his bond."

The fallacy in this argument is self evident. The purchaser at an execution sale cannot recover from the levying officer because of any defect in title. (*Dreisbach* v. *Braden*, 40 Cal.App. 407 [181 P. 262].) A purchaser at an execution sale is chargeable with notice that he acquires no better title than the judgment debtor has; the rule of *caveat emptor* applies with all its force to such sales. (*Noble* v. *Beach*, 21 Cal.2d 91, 94 [130 P.2d 426]; *Anglo-California Trust Co.* v. *Oakland Railways*, 193 Cal. 451, 468-469 [225 P. 452]; *Bullard* v. *McArdle*, 98 Cal. 355, 357 [33 P. 193, 35 Am.Rep. 176]; 19 Cal.Jur.2d 571, § 158.) Since appellant could have had no cause of action against the marshal this claim of prejudice is clearly without foundation.

Appellant contends that the instant action constitutes a collateral attack upon the execution sale which cannot be maintained unless the sale is void on its face. *Milstein* v. *Turner*, 89 Cal.App.2d 296, 299 [200 P.2d 799], the only authority cited in support of this contention, does not sustain it. The cited case involved a collateral attack upon the judgment and upon the order for the issuance of the writ. Nothing

of the kind is involved here. There is no question here concerning the validity either of the judgment in "Ennis v. Stroble" or of the writ issued thereon. The evidence in this case simply showed that the property sold under the writ was owned not by Stroble but by the corporation. Hence, the title of the corporation was unaffected by the sale.

█ Equally without merit is the contention that respondent's cause of action was defective because the judgment which she sought to enforce was rendered subsequent to the date of the execution sale at which appellant was the purchaser. We have here no problem of determining priorities among several executing creditors as was the situation in *R. Walter & Co.* v. *Bickham & Moore*, 122 U.S. 320 [7 S.Ct. 1197, 30 L.Ed. 1185], the only authority cited by appellant in support of this contention.

█ Finally, we must reject the meagerly argued contention that respondent's right to enforce the judgment was dependent upon pleading and proof that she paid an adequate consideration for it. █ The defense that an assignment was made without consideration is not one which ordinarily may be raised by the debtor in an action by the assignee. (*Caulfield* v. *Sanders*, 17 Cal. 569, 572; *Moore* v. *Waddle*, 34 Cal. 145, 148-149; 4 Am.Jur. 296, 297.) █ The issue as to the adequacy of the consideration for an assignment can properly arise only where there is some substantial question concerning its validity or concerning the assignee's ownership. (6 C.J.S. 1184, § 132.) █ In the instant case there can be no question about the validity of the assignment. It is undisputed that respondent was and is an assignee for collection purposes only. The judgment which she here seeks to enforce represents a recovery for attorneys' fees rendered by respondent's assignor, who is her attorney in this action and on this appeal.

The judgment is affirmed.

Fox, P. J., and Kincaid, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.