[Civ. No. 208. Fourth Appellate District.—October 3, 1930.]

V. A. TYLER et al., Respondents, v. PARK RIDGE COUNTRY CLUB et al., Defendants.

Edward T. Sherer, Welburn Mayock and Charles W. Cradick for Appellants.

Sarau & Thompson, A. G. Ritter and Henry G. Bodkin for Respondents.

BARNARD, J.—This action was brought by certain parties holding memberships in a golf club in Riverside County, conducted by Park Ridge Country Club, a corporation, the action being brought on behalf of and for the benefit of all those holding such memberships. The action seeks the appointment of a receiver to take charge of and manage the property of the corporation, and to restrain certain defendants who are alleged to own the stock of the corporation from transferring or selling said stock to any person other than one of the Caucasian race. The complaint alleges that the by-laws of said club limit the members thereof to persons of the Caucasian race; that those holding memberships therein are not entitled to voting power in the conduct of the club or in the corporation, nor in amending or changing the by-laws; that according to the articles of incorporation and the by-laws, the directors of the club and the owners of the corporate stock have the sole right to amend the by-laws and to provide rules and regulations for the conduct of the club and the members, including the right to change the by-laws in such a manner as to provide that memberships in said club shall not be limited to members of the Caucasian race; and further that the board of directors have full power to elect or reject candidates for membership. It is then alleged that the plaintiffs were induced to purchase memberships upon the representation that the members would be limited to persons of the Caucasian race; and that for the purpose of defrauding the plaintiffs, the directors of said club have pretended and represented that the club is insolvent. Upon information and belief, it is alleged that certain of the defendants are the owners of all of the stock of said corporation, and that these defendants have entered into an agreement to sell all of said stock to certain members of the negro race; that if not restrained, said defendants will transfer said stock to such

other persons; that the by-laws will be so amended as to permit members of the negro race to become members of the club; and that these plaintiffs will thereby suffer great and irreparable damage. Plaintiffs pray that a receiver be appointed, and that the defendants be enjoined from transferring the stock of said corporation to any person other than a person of the Caucasian race. The action was filed in the county of Riverside, and the defendants moved for a change of venue to the county of Los Angeles, upon the ground that all of the defendants are residents of that county. From an order denying this motion, this appeal is taken.

The respondents apparently concede the sufficiency of the showing made by appellants as to the place of their residence. The only point raised on this appeal is as to whether or not this action is one involving real property within the purview of section 392 of the Code of Civil Procedure. As a general rule, a defendant is entitled to have an action against him tried in the county of his residence. (Code Civ. Proc., sec. 395.) Respondents contend that this action comes within that part of section 392 of the Code of Civil Procedure, which reads as follows:

"Action for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property;"

The burden is therefore upon respondents to bring themselves clearly within the exception to the general rule. (*Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356].) The respondents admit that they own no shares of stock in the corporation named, contending, however, that although they have no legal title to the real estate in question, that this property is impressed with a trust, the title being held for the benefit of the members who are entitled to use the same, and that therefore they have such an interest in the real estate involved as brings the action within said section. We think this contention cannot be sustained. The complaint shows no fact to establish such a trust, nor does it set up any injury to the land itself resulting from the

acts which are asked to be enjoined. Those acts are merely the transfer of corporate stock and a change in the directorate of the corporation. What is alleged in the complaint is not an interest in the land, but a contractual right to use the land, subject to the by-laws of the corporation, the rules made by the board of directors, and the equal right of others to the use of the premises. It is not even alleged that the right of respondents to use the land is affected or in any manner threatened. The complaint shows plainly that the real purpose of the respondents in this action is not to secure to themselves the right to use the land for the purposes embraced within the privileges of their membership, but to prevent certain other parties from acquiring or obtaining a similar right to use the same property. If it could be considered that any interest in real estate is involved, it would only be involved inferentially, and the complaint principally involves other matters not embraced within the provisions of section 392 of the Code of Civil Procedure, and that section would therefore not apply. (*Smith* v. *Smith, supra.*)

Not only is the action, seeking to enjoin the sale of corporate stock and to restrain certain persons from acting as directors of a corporation, a personal one, but it nowhere appears that the contractual right of the plaintiffs to use the property in common with others has been or will be interfered with. It is sought to restrain the parties, to whom the stock may be sold, from doing certain acts which it is alleged they are entitled to do, under the articles and by-laws of the corporation. But it is not even claimed such new owners of the stock would or might attempt to prevent respondents from using the property. Instead of seeking to recover or establish their own right to use the property, respondents are seeking to prevent certain other persons from acquiring such a right. In effect, the action is one to obtain and exercise control of a corporation, rather than one involving an interest in real property.

The order appealed from is reversed.

Marks, Acting P. J., and Warmer, J., *pro tem.,* concurred.